McBRIDE, Judge.
About May 5, 1965, the Louisiana State Board of Medical Examiners, for one of the causes enumerated in R.S. 37:1285, suspended for a period of five years the reciprocity certificate No. 1485, which it had issued to Dr. Sydney (sic) C. Knight, licensing him to practice medicine in Louisiana. On October 13, 1965, in proceedings entitled Louisiana State Board of Medical Examiners v. Dr. Sydney (sic) C. Knight, M.D., No. 93,036 of the docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson (the domicile of ■defendant) the Board sought an injunction against Dr. Knight restraining him from practicing medicine in any of its departments as defined by R.S. 37:1261. Dr. Knight filed certain exceptions and made answer to the petition in said matter. On October 26, 1965, after a hearing of the rule nisi, the trial court issued a preliminary injunction prohibiting Dr. Knight from practicing medicine in any of its departments in Louisiana.
Dr. Knight unsuccessfully attempted to appeal suspensively from the judgment. See Louisiana State Bd. of Medical Examiners v. Knight, La.App., 180 So.2d 755.
The injunction suit has never been tried on its merits.
In the instant proceedings, Dr. Knight sues the Louisiana State Board of Medical Examiners, at its domicile, praying for a writ of mandamus commanding said Board, through its proper officers, to reinstate Dr. Knight’s license to practice medicine, or, alternatively, for an injunction enjoining the Board from refusing to reinstate the license, or in the further alternative for judgment reversing, setting aside and overruling the suspension of Dr. Knight’s license. The court issued an alternative writ of mandamus and summarily fixed the matter for trial.
Dr. Knight’s petition contains 37 numbered paragraphs and no good purpose would be served by recounting here his numerous allegations. Suffice it to say that Dr. Knight alleges that he is not guilty of the acts charged against him by said Board; that the Board set the hearing of the complaints against him on December 10, 1964, which was postponed, but notwithstanding this, the hearing was actually held in his absence on said date and certain testimony elicited; that between January 1, 1965 and May 5, 1965, the Board was guilty of a conspiracy with the witness who testified against Dr. Knight “to manufacture evidence and arrange circumstances and testimony attempting to show that the said abortion was performed by Dr. Knight”; that Dr. Knight was charged with the crime of abortion on March 23, 1965 and was tried before a *378 jury and found not guilty on May 19, 1966; that while he was awaiting trial on the criminal charge against him, specifically on April 5, 1965, the Board notified him that on May 1, 1965 it would consider certain charges against him which were later narrowed to a charge of committing an abortion on a named female; that on May 1, on the advice of his then counsel, Dr. Knight declined to present his defense to the Board as to do so would have prejudiced his defense to the pending criminal charges against him; that notwithstanding this the defendant Board conducted its hearing on May 1, 1965 and later notified him that his license to practice medicine and surgery had been suspended for a period of five years. Dr. Knight further charges that the hearing held on May 1, 1965 culminated from the conspiracy above mentioned; that the hearing was unfair and prejudicial to him; that the Board failed to give him adequate notice and specifications of the charges against him; that the Board arbitrarily refused to grant a postponement of the hearing held on May 1, 1965; that the Medical Practice Act, and particularly R.S. 37:1285 thereof, is unconstitutional; that after his acquittal of the criminal charge he made formal application to defendant Board for reinstatement which was refused. Dr. Knight then prayed for the relief above mentioned.
On the return day of the rule nisi the Louisiana State Board of Medical Examiners interposed several exceptions among which is one of lis pendens which was maintained and the suit dismissed. Dr. Knight has appealed.
The plea of lis pendens is predicated on the pendency of the suit No. 93,036 of the Twenty-Fourth Judicial District Court for the Parish of Jefferson wherein the Louisiana State Board of Medical Examiners seeks an injunction against Dr. Knight to prohibit his practice of medicine in this state.
Our opinion is that the exception of lis pendens is not valid and should have been overruled.
C.C.P. art. 531 provides as follows:
“When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto * * * ”
Thus, the article implicity states that to-successfully support a plea of lis pendens, there must be:
(1) The same causes of action;
(2) The same parties ;
(3) In the same capacity; and
(4) The same objects.
Here we have two suits, one an ordinary-proceeding brought by the Board against Dr. Knight seeking an injunction to prohibit said defendant from practicing medicine-without a license, and the other a summary proceeding brought by Dr. Knight against the Board for a license to practice,, or for reinstatement in which incidentally,. Dr. Knight seeks the nullity of the suspension meted out to him by the Board.
It will be seen at a glance that two-of the indispensible requirements of lis-pendens are notably absent, that is, the identity of the causes of action and the-same objects. The Board’s cause of action for injunction is certainly not the same as Dr. Knight’s cause of action for a new license or reinstatement. It may be that the defense of Dr. Knight in the injunction suit might raise some of the same issues-which will be considered in his suit against the Board. But, the identity of the issues-are of no consequence in the plea of lis-pendens. The codal law is specific that the causes of action and the “object” must be the same and in the two suits under consideration there is no identity of causes of action or the “object.”
*379 In Central Improvement & Contracting Co. v. Grasser C. Co., 119 La. 263, 44 So. 10, the Supreme Court said:
“The exception of lis pendens should have been overruled. We do not understand the cause of action upon which the suit in the United States court has been brought to be the same as, or identical with, that now before this court, though the decision of the fact at issue in the United States court might enter as evidence as to a fact alleged in the present case and to be considered by us in the final determination of plaintiff’s demand.”
See also State ex rel. Marston v. Marston, 223 La. 1046, 67 So.2d 587; State ex rel. Metropolitan Land Co. v. Recorder of Mortgages, 166 La. 271, 117 So. 145; Smith v. Smith, La.App., 179 So.2d 433; Mix v. City of New Orleans, La.App., 126 So.2d 1.
Moreover, one well settled test used to determine the applicability of the exception of lis pendens is whether a final judgment in a former suit will be res judicata in the suit in which the exception is filed. In Miguez v. Miguez, La.App., 128 So.2d 804, our brothers of the Third Circuit quoted the following language from State ex rel. Marston v. Marston, supra, as follows:
“It is well settled that the pleas of res judicata and lis pendens bear a strong analogy and that a fair test of lis pen-dens is to inquire whether a final judgment in the former suit would be res judicata in the latter, if it would then the exception of lis pendens is well pleaded. Dick v. Gilmer, 4 La.Ann. 520; Bischoff v. Theurer, 8 La.Ann. 15; Exchange National Bank v. Holoman Bros., 177 La. 537, 148 So. 702.”
R.C.C. art. 2286 sets out the essential elements of res judicata:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must he founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The only relief that the Twenty-Fourth Judicial District Court for the Parish of Jefferson could render in the suit against Dr. Knight is an injunction restraining the defendant from practicing medicine in any of its forms in Louisiana until such time as he secured the necessary license from the Board. Such injunctive relief is all the Board seeks. In the judgment for preliminary injunction the court specifically stated:
“This writ of preliminary injunction will be in full force and effect until same is dissolved by order of Court or by Dr. Sydney (sic) C. Knight obtaining a reinstatement of his certificate to practice medicine in the state.” (Emphasis ours).
In Dr. Knight’s suit the only relief the Civil District Court for the Parish of Orleans could grant is a judgment ordering his reinstatement or directing the Board to issue a new license to him.. The judgment in the one case could not be res judicata as to the demands of the other case.
Counsel for the Board make the statement that the trial court continued the Board’s case against Dr. Knight in order to afford the latter the right and opportunity to reconvene and demand reinstatement or a new license. This may be perfectly true. Even if the court did continue the case for said purpose Dr. Knight was not bound to assert his demands by way of reconvention as under the law he has the right to assert any of his demands in a separate suit. R.C.C.P. art. 1037, in part, provides:
“When a person does not assert in an incidental demand the action which he has against a party to the principal action or a third person, he does not thereby lose this right of action * * * ”
*380 Other exceptions which were filed by Louisiana State Board of Medical Examiners were not passed upon below and must be considered as having been overruled. The Board urges before us certain of said exceptions, which it has the right to do, under authority of Succession of Markham, 180 La. 211, 156 So. 225, in which the Supreme Court held that the rulings on all exceptions may be considered on appeal without reference as to whether the party desiring a review of the rulings on the exceptions has himself appealed or has filed an answer to the appeal of the opposing party.
The exceptions of lack of jurisdiction over the subject-matter, no cause or right of action and res judicata are all based on or stem from the theory that Dr. Knight was guilty of laches in waiting as long as he did to file suit challenging the Board’s order of suspension. All well-pleaded allegations of fact contained in Dr. Knight’s petition must be accepted as true for the purpose of considering said exceptions. It is alleged in the suit that the criminal charges were pending against Dr. Knight between March 23, 1965 and the date of his acquittal, May 19, 1966, and that during that period, on the advice of counsel, he made no attempt to defend himself before the Board or seek a reversal or review of the Board’s ruling because any presentation he would have made might prejudice him in the criminal trial. Dr. Knight filed the instant suit July 22, 1966, or within about two months after his acquittal, and we fail to comprehend that he was guilty of laches. The jurisprudence is plain that where a board, such as the Louisiana State Board of Medical Examiners, has original power to determine matters submitted to it under a statute, after it has acted, the legal correctness of its action may be attacked in court by a party claiming an adverse legal right even though the statute under which the Board acted does not specifically grant a right of appeal or review. Parker v. Board of Barber Examiners, La.App., 84 So.2d 80. Where no time for appealing or judicially reviewing-the ruling of a board is provided for by-statute, the law contemplates that the appropriate action must be brought within a reasonable time. See State ex rel. Koehl v. Sewerage and Water Board, 179 La. 117, 153 So. 533; State ex rel. McCabe v. Police Board, 107 La. 162, 31 So. 662.
In Labarre v. Rateau, 210 La. 34, 26 So.2d 279, the Supreme Court said:
“The doctrine of laches, equitable in character and fully discussed in 30 C.J.S. verbo Equity § 112 et seq., ‘is based on. the injustice that might result from the enforcement of long neglected rights, the difficulty, if not the impossibility, of ascertaining the truth of the matters in-controversy and doing justice between the parties, and on grounds of public-policy, its aim being the discouragement,, for the peace and repose of society, of stale and antiquated demands.’ 30 C.J.S. Equity § 113. What constitutes laches-is to be determined in the light of the circumstances of the particular case. The doctrine’s application is controlled by equitable considerations; it cannot be-invoked-to defeat justice; it will be applied only where the enforcement of the right asserted would work injustice. 30' C.J.S. Equity § 115. While delay in enforcing a right is an element of laches,, such delay does not of itself constitute laches. The defeating of a claim by-lapse of time alone comes within the province of prescription or limitations. 30' C.J.S. Equity §§ 112 and 116a.”
Dr. Knight has been enjoined fromi practicing medicine since October 26, 1965,. and no one, especially the Louisiana State-Board of Medical Examiners, has been-prejudiced by any delay in the filing of the suit. To invoke the doctrine of laches would work an injustice in this case. Therefore, the exceptions of lack of jurisdiction over the subject-matter, no cause or right of action, and res judicata are overruled.
*381 For the reasons above set forth the judgment appealed from is reversed and the exception of lis pendens is overruled and dismissed and the matter is remanded to the court below for further proceedings in accordance with law.
Reversed and remanded.