401 So.2d 389 (1981)
Charlie W. JORDAN
v.
Ray T. SUTTON, Commissioner of Conservation, State of Louisiana, In His Official Capacity.
No. 14066.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
Rehearing Denied May 18, 1981.
On Rehearing June 29, 1981.
*390 Hal R. Henderson, Arcadia, Bobby L. Culpepper, Jonesboro, for plaintiff-appellant Charlie W. Jordan.
Veil David Devillier, Eunice, for defendant-appellee Ray T. Sutton.
Kerry M. Massari, Lafayette, for intervenor-appellee Southern Natural Gas Co.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an appeal taken from a judgment sustaining a peremptory exception of prescription filed in a suit brought against the Commissioner of Conservation under the authority of LSA-R.S. 30:12. The suit seeks to enjoin enforcement of an order of the Commissioner. We reverse.
An order of the Commissioner of Conservation dated April 20, 1979, issued on application of Southern Natural Gas Company established the Bear Creek Pettit Limestone Gas Storage Area under Order No. 78-F-4. Charlie W. Jordan, plaintiff in the present suit, was represented in the hearing upon which the order was based, the date of the hearing being February 22, 1979. Jordan is recited in his petition as co-owner of a tract of land beneath which the gas storage reservoir was created.
The order of the Commissioner was issued, subject to Southern Natural Gas's obtaining subleases or storage agreements from 75% of the owners in interest for the creation of the reservoir, which was created on the assumption that the natural gas and oil wells in the area were fully depleted. The drilling units existing prior to April 20, 1979, were to be abolished upon Southern Natural's commencing its injection of natural gas into the reservoir. On July 3, 1979, the Commissioner issued a Supplement to Order No. 78-F-4 finding that Southern Natural had obtained subleases or storage agreements of more than 75% of owners in interest, and declared his order then fully effective.
The basic complaint of plaintiff is that the creation of the storage area affects strata not intended to be a part of, and not directly a part of, the storage reservoir area, and that the Commissioner relied upon false information in creating the storage reservoir area. Plaintiff enjoys or enjoyed production from adjoining strata.
Shortly after the original order was issued, and thereafter until suit was filed on July 21, 1980, Jordan periodically had conversations with Sutton and representatives of Southern Natural, and was assured by Sutton repeatedly that there was no need for Jordan to apply to the Commissioner for a rehearing, as the order of the Commissioner might be set aside or modified.
Upon Jordan's filing the present suit, Southern Natural intervened and the Commissioner and Southern Natural filed exceptions of prescription and lack of jurisdiction, the former exception being subsequently sustained after hearing by the trial court.
*391 In support of both exceptions Southern Natural and the Commissioner argue that the Administrative Procedure Act (specifically LSA-R.S. 49:964(B)) requires an action to set aside a ruling or order of an administrative agency to be brought within thirty days of its becoming final. Jordan contends that the order of the Commissioner was not final, and hence the prescriptive period did not begin to run. Our reading of the applicable provision of the Administrative Procedures Act (LSA-R.S. 49:951 et. seq., the specific provision being R.S. 49:964), and our comparison of that provision with the comparable provision of the statute providing for judicial review of an order of the Commissioner of Conservation (LSA-R.S. 30:12) renders it unnecessary for us to determine whether or not the order of the Commissioner of Conservation is a final order in the sense of LSA-R.S. 49:964. These two specifically applicable statutes providing for judicial review quoted in full read as follows:
R.S. 30:12
"An interested person adversely affected by any law of this state with respect to conservation of oil or gas, or both, or by a provision of this Chapter, or by a rule, regulation, or order made by the commissioner hereunder, or by an act done or threatened thereunder, and who has exhausted his administrative remedy, may obtain court review and seek relief by a suit for an injunction against the commissioner as defendant. Suit shall be instituted in the district court of the parish in which the principal office of the commissioner is located and shall be tried summarily. The attorney representing the commissioner may have a case set for trial at any time after ten days' notice to the plaintiff or his attorney of record. The burden of proof shall be upon the plaintiff and all pertinent evidence with respect to the validity and reasonableness of the order of the commissioner complained of shall be admissible. The law, the provision of this Chapter, or the rule, regulation, or order complained of, shall be taken as prima facie valid. This presumption shall not be overcome in connection with any application for injunctive relief, including a temporary restraining order, by verified petition or affidavit of or in behalf of the applicant. The right of review accorded by this Section shall be inclusive of all other remedies, but the right of appeal shall lie as hereinafter set forth in this Chapter."
R.S. 49:964
"A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.
C. The filing of the petition does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.
D. Within thirty days after the service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record.

*392 E. If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
F. The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues."
It will be noted immediately that Subsection A. under LSA-R.S. 49:964 states that the mode of judicial review therein established does not limit "... utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law." LSA-R.S. 30:12 clearly provides another form of judicial review of a rule, regulation or order of the Commissioner of Conservation, parallel to and continuing to exist after the enactment of the form for judicial review provided in the Administrative Procedures Act.[1] Since the language of R.S. 49:964(A) plainly provides that the right of judicial review therein established is not exclusive of other means of judicial review available under other law, we find that the subject provisions of the Administrative Procedures Act created an alternate form of judicial review, while not repealing or intending to repeal existing forms of judicial review of administrative rulings or orders. We further find that the subject provisions (LSA-R.S. 49:964) specifically do not repeal or supersede the provisions for court (judicial) review set forth in LSA-R.S. 30:12. Further support for this construction is supplied by a comparison of these two statutes providing for judicial review when applied to an order of the Commissioner of Conservation, as is here pertinent.
A comparative analysis shows:
(1) That the scope of review is not the same. In Title 49 the court is limited to the record; in Title 30 the court tries the matter and takes "all pertinent evidence".
(2) The form of relief sought is different. Under Title 49 the petitioner seeks "judicial review"; under Title 30, the petitioner seeks an injunction against the Commissioner of Conservation.
*393 (3) The burden of proof is different. Under Title 49, the test upon whether or not to set aside a finding of fact is manifest error; under Title 30, the rule or order of the Commissioner is merely taken as prima facie valid.
This comparison demonstrates the alternative nature of the two forms for judicial review. The two forms provided for judicial review do not fit into a single integrated whole, but rather are separate, dissimilar, and hence, parallel.
We might note that if Title 49 provided the sole form of judicial review, plaintiff Jordan's position would be jeopardized in still another way, as it is apparent from his petition that Jordan seeks the introduction of new evidence, which could be inadmissible under Title 49 as the court would be confined to the record.
We, thus, conclude that Title 30 and Title 49 provide parallel and coexisting forms of judicial review. As only Title 49 provides a prescriptive period, we find that period inapplicable to the form of review provided under Title 30. Hence, we hold that the exception of prescription was improperly sustained.
Also before us is the plea of lack of jurisdiction. That plea is based on the premise, no doubt, that jurisdiction of the district court, the appellate court for review of an administrative order, never attached since the filing for judicial review was barred by prescription or laches. We have fully considered prescription above.
We have been cited no cases and we are not aware of any in which laches was applied to judicial review of an order of the Commissioner of Conservation under LSA-R.S. 30:12. However, the concept of laches has been applied to petitions for the judicial review of orders of other administrative bodies. See, e.g., State ex rel. Koehl v. Sewerage and Water Board, 179 La. 117, 153 So. 533 (1934). In that case, the position of cashier of the Sewerage and Water Board, New Orleans, was abolished as a result of a deficiency of tax revenues and the former employee whose position was abolished, over a period of almost a year, had repeated conversations with the board's secretary in which no promises were made and no assurances given. After almost a year's delay, the former cashier filed suit. The Louisiana Supreme Court held laches applied, and the former cashier had not been lulled into a sense of security by the board's secretary, as the secretary had given no assurances. In the present case, we see, unlike Koehl, Commissioner Sutton constantly over a period of many months led plaintiff, Jordan, to believe that there was a strong possibility that the order creating the gas storage area would be set aside on the basis of new evidence, and assured Jordan there was no need to seek a formal rehearing. Laches is an Anglo-American principle found in the law of equity and founded upon equity. We find that it is manifestly unjust or inequitable to state that Jordan slept on his rights and is barred from suit when he was led to delay the filing of his petition for judicial review by the assurances of the defendant. We, therefore, overrule the exception to the jurisdiction of the court, as well as the exception of prescription.
Both exceptions having been overruled, we remand the case to the trial court for further proceedings, all costs to be borne by the Commissioner of Conservation and Southern Natural Gas.
REVERSED AND REMANDED.

ON REHEARING
The facts of this case are well set forth in our original opinion. We granted a rehearing on the question of laches.
Two elements must be proved by defendant to establish plaintiff was guilty of laches: (1) unreasonable delay on the part of the plaintiff in filing suit, (2) harm that would be suffered by defendant or a third party resulting from defendant's or a third party's actions based on reasonable assumption, occasioned by the delay, that plaintiff would not seek further legal redress. State ex rel. McCabe v. Police Board, 107 La. 162, 31 So. 662 (1902); Knight v. Louisiana State Bd. of Medical *394 Examiners, 195 So.2d 375 (La.App. 4th Cir. 1967). It is clear that plaintiff is guilty of laches if no set term is required by statute for an appeal of an administrative ruling or order and plaintiff fails to appeal within a reasonable time. McCabe and Knight, supra. In such a case plaintiff is barred by laches from seeking redress in the courts if in addition defendant or a third party would be prejudiced as a result of having relied on the assumption, occasioned by the unreasonable delay on the part of plaintiff, that plaintiff would not seek further legal redress.
In the present case, Jordan testified that he was misled by statements of Commissioner Sutton into believing that the order of the Commissioner of Conservation would be set aside without Jordan's needing to file legal action. The testimony of Commissioner Sutton, which we have carefully reviewed, does not directly contradict this assertion. However, Southern Natural Gas has indicated that reasons other than the asserted assurances of Commissioner Sutton were responsible for Jordan's delay in instituting the present action. Basically, it is contended that Jordan was hoping to obtain relief directly from Southern Natural Gas in the form of compromise of a suit that was then pending, and that Jordan changed legal counsel, causing a delay. There is no evidence in the record directly to support either of those assertions.
Southern Natural Gas and the Commissioner contend that the manifest error rule applies, as the trial court stated Jordan's delay was unreasonable. However, this statement was found only in oral reasons, and did not form a part of the final judgment, which sustained the plea of prescription alone without ruling upon laches. Also, when we evaluate the trial court's oral reasons, we see the trial court rested its decision on the Administrative Procedures Act, or in other words prescription. We have held that the Administrative Procedures Act does not apply, and have not granted the rehearing on that point. The trial court mentioned reasonableness of delay as an afterthought, not as a substantial basis of its decision, and its assertion as to reasonableness of the delay does not rest upon that thoroughness of deliberation on the part of the trial court that would render it subject to the manifest error rule, even had that assertion formed a basis of its ultimate judgment.
As the record is incomplete on the issue of laches as to the reasonableness of Jordan's delay, we remand for the taking of further testimony from witnesses to be produced by both plaintiff and defendants, and receipt of other evidence on the reasonableness of Jordan's delay.
Southern Natural Gas and the Commissioner contend that Jordan's delay (15 months) was a basis for an application of the doctrine of laches in and of itself in view of the nature and effect of the orders of the Commissioner. However, for laches to apply, as we have seen, both unreasonableness of delay and prejudice to defendant or a third person must be proved. No evidence, as opposed to speculation, has been offered on the matter of possible prejudice to Southern Natural Gas. Therefore, evidence should be presented in the lower court on the issue of whether or not the contended unreasonable delay on the part of Jordan in asserting his rights prejudiced Southern Natural Gas. The record as presented is devoid of evidence on this question.
Accordingly, we vacate our earlier ruling on the issue of laches and remand for further proceedings consistent with this opinion. All costs shall await final determination of the matter.
REMANDED.
NOTES
[1] The source of the statute providing for judicial review of rule, regulation or order of the Commissioner of Conservation is Act 157 of 1940, Sec. 11.

The source of the statute providing for judicial review of "final decision or order in an adjudication proceeding" of an administrative agency is Act 382 of 1966, Sec. 14, which took effect July 1, 1967.