EDWARDS, Judge.
Pursuant to a public hearing conducted February 22, 1979, the defendant, Commissioner of Conservation, issued Order No. 78-F-4. This order, signed on April 20, 1979, created an underground natural gas storage area in the Pettit Limestone Formation, Reservoir A, Bear Creek Field, Bien-ville Parish, Louisiana. Finding No. 1 of the order provides as follows:
“That the Pettit Limestone Formation, Reservoir A, in the Bear Creek Field, is a closed reservoir productive of only gas and condensate, and that it is effectively separated from any other reservoir.”
Charlie W. Jordan, plaintiff in the present suit, was represented at the hearing which resulted in issuance of the order.
On July 21,1980, Jordan filed suit against the Commissioner of Conservation, seeking to enjoin enforcement of the order. The district court sustained the exception of prescription filed by the defendant and Southern Natural Gas, which had intervened in the suit. On appeal, this ruling of the trial court was reversed and the case was remanded.[1]
On September 18, 1980, prior to this court’s reversal of the trial court’s ruling, plaintiff and others filed an “Application for Public Hearing,” requesting that the Commissioner of Conservation call a public hearing:
“To re-define the Pettit Limestone Formation, Reservoir A, lying within the Bear Creek Field, Bienville Parish, so as to exclude therefrom all portions of said reservoir which can be shown to contain recoverable oil. Further, that the use of the Pettit Limestone Formation as a gas storage reservoir be restricted to those zones shown incapable of producing gas or oil.”
The applicants based their request on allegations of newly discovered evidence that had become known to them subsequent to the February 22, 1979, hearing which resulted in the issuance of Order No. 78-F-4. *1172 The Commissioner denied applicants’ request.
On November 7, 1980, plaintiff, Charlie W. Jordan, instituted this action against the Commissioner of Conservation, Ray T. Sutton, seeking a writ of mandamus ordering the Commissioner to call a public hearing as requested in plaintiff’s application. Southern Natural Gas Company (“Southern”) intervened in the action on behalf of the defendant.
Defendant and intervenor urged a number of exceptions. The only one considered by the district court was the exception of “no right or cause” of action, or, in the alternative, prescription. The defendant and intervenor argued that plaintiff was not entitled to a hearing because LSA-R.S. 49:959(A), a section of the Administrative Procedure Act, provides that an administrative order is subject to rehearing within ten days from the date of its entry.
The trial court maintained the exception of prescription and dismissed plaintiff’s suit at his cost. Plaintiff has appealed. We affirm.
LSA-R.S. 49:959(A) provides as follows:
“A decision or order in a case of adjudication shall be subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry. The grounds for such action shall be either that:
(1) The decision or order is clearly contrary to the law and the evidence;
(2) The party has discovered since the hearing evidence important to the issues which he could not have with due diligence obtained before or during the hearing;
(3) There is a showing that issues not previously considered ought to be examined in order properly to dispose of the matter; or
(4) There is other good ground for further consideration of the issues and the evidence in the public interest.”
The statute allows a party to apply for a rehearing within ten days after entry of the agency order. One of the grounds upon which rehearing may be sought is that “the party has discovered since the hearing evidence important to the issues which he could not have with due diligence obtained before or during the hearing. . . . ”
The trial court’s decision was obviously based on a finding that plaintiff’s application for a hearing was in actuality an application for a rehearing and that it was not filed timely. That conclusion was correct.
The Office of Conservation is an “agency” within the meaning of the Administrative Procedure Act. See LSA-R.S. 49:951(2). The hearing held by the Commissioner of Conservation, which resulted in the issuance of Order No. 78-F-4, was an “adjudication” as contemplated by the Act. See LSA-R.S. 49:951(1). Thus, LSA-R.S. 49:959(A) is applicable in this case.
Plaintiff asserts that LSA-R.S. 49:959(A) is not controlling in this case, and relies on LSA-R.S. 30:6 which provides, in pertinent part, as follows:
“Any interested person has the right to have the commissioner call a hearing for the purpose of taking action in respect to a matter within the jurisdiction of the commissioner by making a request therefor in writing. Upon receiving the request the commissioner shall promptly call a hearing.”
Plaintiff maintains that the request for a hearing filed with the Commissioner was not an application for rehearing but was an application for a new hearing under LSA-R.S. 30:6.
The trial court correctly concluded that plaintiff’s application was actually a request for rehearing. As noted above, one of the grounds for seeking a rehearing under LSA-R.S. 49:959(A) is the discovery of new evidence. An alleged discovery of new evidence was the basis for plaintiff’s request for a hearing to modify Order No. 78-F-4. In issuing the order, the Commissioner of Conservation found as a fact that there was no recoverable oil in' the gas storage reservoir. Plaintiff’s application for hearing challenged this finding and sought modification of the order. By its nature, plaintiff’s application, which asks *1173 the Commissioner to “re-define the Pettit Limestone Formation,” sought a rehearing and re-evaluation of the hearing that defined the Pettit Limestone Formation.
We are not unmindful of this court’s decision in Jordan v. Sutton, 401 So.2d 389 (La.App. 1st Cir. 1981). That decision held that Jordan’s right to seek judicial review of the order in question was not governed by the time restrictions of the Administrative Procedure Act, specifically LSA-R.S. 49:964. The decision in Jordan was based on a finding that LSA-R.S. 30:12 provided a “parallel and co-existing” method of seeking judicial review of an order of the Commissioner of Conservation, and that the time limitations of LSA-R.S. 49:964 did not apply to that method of review.
In the instant case, however, the two statutes with which we are confronted do not confer “parallel and co-existing” methods of seeking reconsideration of an order of the Commissioner of Conservation. LSA-R.S. 30:6 requires the Commissioner to call a hearing whenever one is requested by an interested person. LSA-R.S. 49:959(A) requires that a rehearing from an administrative order be requested within ten days from the date of its entry. These statutes do not provide alternative methods of seeking reconsideration. In our view, the first, LSA-R.S. 30:6, envisions a situation where the Commissioner’s authority is invoked on an issue which he has previously not addressed. The second, LSA-R.S. 49:959(A), deals with attempts to have an administrative agency reconsider its adjudication. A determination of whether an application for hearing is an original invocation of the Commissioner’s authority or in actuality a request for rehearing and reconsideration is best determined on a case by case basis. In the instant case, the request filed by petitioner is governed by the latter statute; he seeks to have the Commissioner review an order which was issued after a full hearing and fact finding process.
A contrary conclusion would give a disgruntled party the right to compel the Commissioner of Conservation to hold repeated hearings, ad infinitum, for the purpose of reconsidering an order. We will not allow appellant to achieve such a result by merely labeling his request an “Application for Public Hearing.” As we have noted above, we conclude that the true nature of appellant’s request was to have the Commissioner re-evaluate his original order. Thus, his request is governed by that section of the Administrative Procedure Act relative to requests for rehearings from an administrative order.
Because plaintiff failed to timely request a rehearing, he was not entitled to one under the terms of LSA-R.S. 49:959(A). Therefore, he was not entitled to a writ of mandamus ordering the Commissioner to grant a public hearing. In light of this state of facts, the trial court correctly dismissed plaintiff’s petition.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.
CHIASSON, J., dissents.

. Jordan v. Sutton, 401 So.2d 389 (La.App. 1st Cir. 1981).