COVINGTON, Judge.
The present suit seeks judicial review of an order by the Commissioner of Conservation, dated April 20, 1979. Southern Natural Gas Company intervened in the suit. In his petition, plaintiff, Charlie W. Jordan, alleged that the April 1979 order (order 78-F-4) was based on erroneous, false and misleading information, particularly such information supplied by Southern Natural Gas, that the Pettit Limestone Formation, Reservoir A, of the Bear Creek Field was a single reservoir, which had been depleted of oil capable of being produced in paying quantities. The trial court dismissed plaintiffs demand, finding that due to his unreasonable delay in filing his suit, he was barred by the equitable doctrine of laches.[1]
On appeal, this Court ruled that although certain relief was barred by the plaintiff’s unreasonable delay, Jordan was not barred from seeking an order directing that tests be performed on Cummings # 1 well to determine its capabilities for producing hydrocarbons in paying quantities. In connection with our ruling, we indicated that Jordan was entitled to have Cummings # 1 well tested, so that he could obtain productivity information concerning the well. We further ruled that plaintiff was not barred from seeking an order directing the Commissioner to produce and allow plaintiff to inspect certain information pertinent to his attempt to verify his theory that the Pettit Limestone Formation is two separate and distinct reservoirs, rather than one interconnected reservoir, and, also, in his attempt to establish that there were commercially recoverable hydrocarbons remaining in the lower zone of the Pettit Limestone Formation. After these rulings, we remanded the case to the lower court for further proceedings consistent with the opinion.[2]
On remand, the trial court refused to grant a mandamus ordering the Commissioner to test or to order a test of Cummings # 1 well. Thus, the trial court held that the plaintiff had no right or cause of action as to the remedy of mandamus, and dismissed plaintiffs suit. The plaintiff has appealed this judgment.
In his suit, plaintiff sought, among other relief, the following:
1. An order directing the Commissioner to test or cause to be tested the Cummings # 1 well, so that its potential for producing oil in paying quantities can be determined.
2. An order directing the Commissioner to produce and allow inspection by plaintiffs experts of certain logs and reports concerning wells drilled in certain sections of the Pettit Limestone Formation.
3. An order directing the Commissioner to answer certain interrogatories propounded to him by the plaintiff.
The trial court found that mandamus would not lie because it was discretionary with the Commissioner to order a test of the well. We agree. However, in our previous opinion we reviewed the difficulty which the plaintiff had encountered in his attempt to obtain productivity information of the Cummings # 1 well, and we pointed out that the obtaining of pertinent information concerning such information was a main objective of the plaintiff in his suit.
Under the circumstances of this case, we do hereby order, adjudge and decree:
1. That the Commissioner of Conservation perform or cause to be performed such tests on Cummings # 1 well as necessary to determine the productivity of said well within 60 days of the effective date of this order.
*1043 2. That the Commissioner of Conservation produce and allow inspection in his office at Shreveport, Louisiana, of pertinent electric logs, porosity logs, drilling histories and work resume’ reports of wells, drilled in Sections 1, 2, 10, 11 and 12, Township 16 North, Range 6 West, Bien-ville Parish, since February 22,1979, within 60 days of the effective date of this order and that plaintiff’s attorney be notified when said records are available for inspection.
3. That the Commissioner of Conservation answer the interrogatories attached to plaintiff’s petition, which are pertinent to the remaining issues before the court, categorically, in writing, and under oath in accordance with LSA-C.C.P. arts. 1491 et seq., within 60 days of the effective date of this order.
REVERSED AND RENDERED.

. In Corbello v. Sutton, 446 So.2d 301 (La.1984), our Supreme Court ruled that the equitable doctrine of laches "has no place in the law of this state.”

. Jordan v. Sutton, 424 So.2d 305 (La.App. 1st Cir.1982). A detailed recitation of the facts are set forth in the previous decision, so it is unnecessary to restate them herein. In the decision, we agreed with the trial court’s ruling that the doctrine of laches barred those items of relief in plaintiff's suit attacking the finality of Order No. 78-F-4 and seeking to enjoin the issuance of any supplemental orders thereof. This Court held the order to be final as to the establishment, use, operation and service of the underground storage facility.