491 So.2d 743 (1986)
Charlie W. JORDAN and Larry C. Sutton
v.
Honorable Raymond T. SUTTON, Commissioner of Conservation, State of Louisiana, in His Official Capacity.
No. CA 85 0374.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Bobby L. Culpepper, Jonesboro, and Hal R. Henderson, Acadia, for plaintiff-appellee Charlie W. Jordan and Larry C. Sutton.
Kerry M. Massari, Lafayette, for intervenor-appellee Southern Natural Gas Co.
Veil David DeVillier, Eunice, for defendant-appellee Raymond T. Sutton, Commissioner of Conservation, State of La.
Burton P. Guidry, Baton Rouge, for intervenor-appellant James Jordan and Judson Perkins.
Before LOTTINGER, EDWARDS and CRAIN, JJ.
LOTTINGER, Judge.
This appeal arises from an action against the Commissioner of Conservation in which the plaintiffs, Charlie Jordan and Larry Sutton, sought to have an order issued by the Commissioner declared null and void. James Jordan and Judson Perkins (intervenors) intervened in the proceedings, seeking the same relief as the plaintiffs. The trial judge granted a peremptory exception raising the objection of "no right or cause of action" to the petition for intervention, dismissed the interventions, and pursuant to a joint motion, dismissed plaintiffs' claims with prejudice. From this judgment the intervenors have appealed.

FACTS
This case (No. 245,145 on the Docket of the 19th Judicial District Court) originally arose as a companion case to a lawsuit (No. 237,861 on the Docket of the 19th Judicial District Court) filed solely by Charlie Jordan seeking judicial review of Order No. 78-F-4, issued by the Commissioner on April 20, 1979. The original suit (237,861) was filed on July 21, 1980 and involves litigation extending over a period in excess of five years, including a number of appeals to this court.[1]
*744 The present suit (245,145) was filed by the plaintiffs on March 23, 1981, some twenty-three months after the issuance of the Commissioner's order. Since the issues in the present suit were the same as those in suit # 237,861, which was on appeal to this court, the trial court issued an order on April 20, 1981, staying the proceedings of the present suit pending the outcome of the appeal. On November 19, 1984, approximately four and one-half years after the issuance of Order No. 78-F-4, intervenors intervened in the instant suit raising the same issues as the plaintiffs. Prior to this, on November 16, 1984, the plaintiffs, the Commissioner and Southern Natural Gas (SNG), entered into a compromise agreement intending to compromise both suits. SNG, on whose behalf the order had been issued, had intervened into the present suit on March 30, 1981, joining the Commissioner in resisting the claims of the plaintiffs. As a provision of the agreement, the parties agreed to jointly move to dismiss both lawsuits with prejudice.
On December 3, 1984, the Commissioner and SNG filed a peremptory exception raising the objections of no right or cause of action and prescription to the petition for intervention, alleging that the compromise ended all pending litigation and, in the alternative, the interventions were barred by prescription.
On December 12, 1984, a motion to dismiss with prejudice was filed. Also on December 12, 1984, the trial judge, after conducting a hearing, granted the peremptory exception raising the objections of no right or cause of action. The intervention was therefore dismissed, and pursuant to the above motion, the plaintiffs' claims were dismissed with prejudice. Intervenors then appealed to this court questioning the dismissal of their intervention.

I
In as much as no answer had been filed in this proceeding, the trial judge properly granted the intervention. La.Code Civ.P. Art. 1033. However, the trial judge fell into error in dismissing the petition for intervention on the grounds "that the compromise settlement created a finality of the case."
"A third person having an interest therein may intervene in a pending action...." La.Code Civ.P. Art. 1091. Until a judgment dismissing a suit is filed, the proceeding is still pending. Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La. 1986). Also, when an intervention is pleaded prior to a motion to dismiss the principal action, "a subsequent dismissal thereof [of the principal action] shall not in any way affect the incidential action [intervention], which must be tried and decided independently of the principal demand." La.Code Civ.P. art. 1039.
Thus, even though the compromise agreement was completed prior to the intervention, it cannot affect the intervention, as the motion to dismiss the principal action was not filed until after the intervention.

II
The peremptory exception raising the objection of prescription was not decided by the trial court, and should be disposed of on remand.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] For a full understanding of the facts underlying this controversy see: 401 So.2d 389 (La.App. 1st Cir.1981); 411 So.2d 1170 (La.App. 1st Cir. 1982), writ denied 414 So.2d 388 (La.1982); 424 So.2d 305 (La.App. 1st Cir.1982); 450 So.2d 1041 (La.App. 1st Cir.1984), writ denied 456 So.2d 1391 (La.1984).