LOTTINGER, Judge.
This appeal arises from an action by Charlie Jordan against the Commissioner of Conservation of the State of Louisiana, in which the plaintiff sought, among other relief, to have an order previously issued by the Commissioner declared null. James Jordan and Judson Perkins (intervenors) attempted to intervene into the proceedings, seeking the same relief as the plain *742 tiffs. The trial judge granted a peremptory exception of “no right or cause of action” to the petition for intervention, dismissed the interventions, and, pursuant to a joint motion, dismissed the plaintiff’s claim with prejudice. From this judgment the intervenors have appealed.
FACTS
This suit was filed on July 21, 1980 and involves litigation extending over a period in excess of five years, including a number of appeals to this court.[1] On November 16, 1984, the intervenors filed their petition to intervene into the proceedings, seeking the same relief as the plaintiff, which was to have order 78-F-4, issued by the Commissioner of Conservation, declared null and void. In addition, plaintiff and intervenors also sought a mandamus ordering the Commissioner to perform tests on a certain oil and gas well, a mandamus ordering the Commissioner to allow plaintiff to inspect certain geological data, and a mandamus ordering the Commissioner to answer certain interrogatories.[2]
After some earlier appeals, this court, on November 16, 1982, long before the inter-venors filed their petition for intervention, held that the doctrine of laches barred the attack to order 78-F-4. As to the remaining relief, we ruled that plaintiff was not barred from seeking such relief and remanded the case to the trial court for further proceedings. See: Jordan v. Sutton, 424 So.2d 305 (La.App. 1st Cir.1982).
On remand, the trial judge denied the relief sought, refusing to order the Commissioner to perform the above-mentioned tests. This court, on May 30,1984, granted the relief sought and issued the orders sought. See: Jordan v. Sutton, 450 So.2d 1041 (La.App. 1st Cir.1984). On September 28, 1984 writs were denied by the Louisiana Supreme Court. Jordan v. Sutton, 456 So.2d 1391 (La.1984). Under the terms of La.Code Civ.P. art. 2166, the judgment of this court at 450 So.2d 1041 became final on the date the Supreme Court denied writs of certiorari.
A third person can intervene only into a “pending action.” La.Code Civ.P. art. 1091. Once a judgment becomes final, there no longer exists a “pending action” in which to intervene. Hunter v. Johnson, 434 So.2d 646 (La.App. 3d Cir.1983), writ denied 440 So.2d 149 (La.1983); Stroud v. Liberty Mutual Insurance Company, 429 So.2d 492 (La.App. 3d Cir.1983), writ denied, 437 So.2d 1147 (La.1983); Pratt v. Livingston Parish Police Jury, 278 So.2d 897 (La.App. 1st Cir.1973). As previously mentioned, the date the petition for intervention was filed was November 16, 1984, after this court’s judgment became final. Therefore, the trial judge was correct in denying the intervention.
During the pendency of this appeal, Charlie Jordan, the Commissioner and Southern Natural Gas Company, constituting all parties involved in this litigation other than the intervenors filed a joint motion with this court to recall and vacate this court’s judgment of May 30, 1984, reported at 450 So.2d 1041. However, since this judgment was settled and compromised by all parties involved in the proceeding at that time, we see no need to grant the motion to recall and vacate our previous judgment.
For the reasons hereinabove assigned the judgment of the trial court is affirmed at the cost of intervenors-appellants.
AFFIRMED.

. 401 So.2d 389 (La.App. 1st Cir.1981); 411 So.2d 1170 (La.App. 1st Cir.1982), writ denied, 414 So.2d 388 (La.1982); 424 So.2d 305 (La.App. 1st Cir.1982); 450 So.2d 1041 (La.App. 1st Cir.1984), writ denied, 456 So.2d 1391 (La.1984).

. For a full understanding of the facts underlying this controversy see the cases cited in footnote 1.