CARTER, Judge.
This is an appeal from a trial, court judgment maintaining, a peremptory exception pleading the objections of no right of action and no cause of action.
BACKGROUND
Pursuant to a public hearing conducted on February 22, 1979, the Commissioner of Conservation (Commissioner) issued Order No. 78-F-4. This order, signed on April 20," 1979, created an underground natural gas storage área in the Pettit Limestone Formation, Reservoir A, Bear Creek Field, Bienville Parish, Louisiana. Finding No. 1 of the order provided as follows:
' That the Pettit Limestone Formation,, Reservoir A, in the Bear Creek Field, is a ¿losed reservoir productive of only gas and condensate, and that it is'effectively separated from any other reservoir.
Charlie W. Jordan challenged thg Commissioner’s order.[1] In Jordan v. Sutton, 450 So.2d 1041 (La.App. 1st Cir.1984), writ denied, 456 So.2d 1391 (La.1984), this court ordered, in pertinent part:
That the Commissioner of Conservation perform or cause to be performed such tests on Cummings # 1 well as necessary to determine the productivity of said well within 60 days of the effective date of this order. [450 So.2d at 1042]
Pursuant to this court order, on October 31,1984, the Commissioner issued .a supplement to Order No. 78-F-4, which, provided in pertinent part:
• 1. That the Commissioner of Conservation does not have the personnel, equipment, or funds to conduct the test ordered by the First Circuit Court of Appeal.
2. That the First Circuit Court of Appeal by its mandate empowered the Commissioner of Conservation to cause or order the Southern Natural Gas Company — T.J. Cummings No. 1 Well to be *430 tested in the Pettet Limestone Gas Storage Area. . In order to determine .the appropriate test, the procedure to conduct the test, and the procedures for operation incident to the test, all of which have to comply with the court order and satisfy the responsibility of the Commissioner of Conservation to protect against any injury to life or our environment, as well as to maintain the safety and integrity of the gas storage area and the gas stored therein, all in accordance with Louisiana Revised Statute 30:22 and Order No. 78-F-4, previously issued and judicially sustained, it was necessary to call and hold the formal hearing held under Docket No. 84-774.
Thereafter, Charlie W. Jordan, Larry C. Sutton, Southern Natural Gas Company, and the Commissioner entered into an “Agreement of Compromise,” which provided, in pertinent part, as follows:
AND, Charlie W. Jordan, and Larry C. Sutton do hereby further agree that this compromise is in full and final satisfaction of the judgment of the First Circuit Court of Appeal dated May 30, 1984, and that said judgment, therefore, should be recalled and vacated, or, if the Court does not recall and vacate said judgment, that said judgment shall be considered fully satisfied without the necessity of further drilling or testing activities, and Charlie W. Jordan and Larry C. Sutton do hereby declare their assent to treating said judgment as being fully satisfied in all regards.
AND, Charlie W. Jordan, and Larry C. Sutton do hereby further agree that this compromise is in full and final satisfaction of the Supplement to Order No. 78-F-4 of the Commissioner of Conservation dated October 31, 1984, and that said supplemental order, therefore, should be recalled and vacated, or, if the Commissioner of Conservation does not recall and vacate said supplemental order, that said supplemental order shall be considered full satisfied without the necessity of further drilling or testing activities, and Charlie W. Jordan and Larry C. Sutton do hereby declare their assent to treating said supplemental order as being fully satisfied in all regards. Charlie W. Jordan, Larry C. Sutton and Southern Natural Gas Company will file a joint application, prepared at the sole discretion of Southern Natural Gas Company, to the Commissioner of Conservation asking for a public hearing to consider recalling and vacating the Supplement to Order No. 78-F-4 dated October 31, 1984. Charlie W. Jordan, Larry C. Sutton and Southern Natural Gas Company agree that Southern Natural Gas Company agree that Southern Natural Gas Company will bear the costs occasioned by the operations pursuant to Supplement to Order No. 78-F-4 and dated October 31,1984, that no one will request a Supplemental Order from the Commissioner of Conservation regarding assessment of said costs.
In further consideration of the payments made in connection herewith, Charlie W. Jordan and Larry C. Sutton each individually, by his signature on this document, does hereby authorize and specifically direct and require his attorneys to join with the attorneys for the Commissioner of Conservation and Southern Natural Gas Company to jointly move the respective courts identified above to dismiss, with prejudice, the aforementioned lawsuits utilizing the form of motion and order attached hereto, respectively, as Exhibits A and B, each party to bear his or its own costs, it being recognized that it will be necessary as regards the first named suit to seek to have the judgment of the First Circuit Court of Appeal recalled and vacated in connection with dismissing said suit.
Pursuant to this agreement, the parties sought to have the Court of Appeal vacate its order of May 30, 1984, reported at 450 So.2d 1041. This Court in Jordan v. Sutton, 491 So.2d 741 (La.App. 1st Cir.1986) stated:
[Sjince this judgment was settled and compromised by all parties involved in the proceeding at that time, we see no need to grant the motion to recall and vacate our previous judgment. [491 So.2d at 742].
*431 On February 16, 1987, a public hearing was held to consider evidence relative to the issuance of an order to recall and vacate the Supplement to Order No. 78-F-4, rendered October 81,1984. At the hearing, BJH, Inc., Judson Perkins, James D. Jordan, Bill C. Sutton, and Ralph Jordan attempted to oppose any order vacating the supplement to Order No. 78-F-4. The Commissioner determined that these parties lacked standing to participate in the proceedings.
Pursuant thereto, the Commissioner issued Order No. 78-F-5, dated March 11, 1987, which “recalled, vacated, and rescinded and declared to be null and void” the supplement to Order No. 78-F-4, dated October 31, 1984, and made the following factual findings:
1. That Office of Conservation Order No. 78-F-4 effective February 22, 1979, created an underground gas storage area and provided for regulations covering the injection, storage and withdrawal of natural gas in and from the same, all relating to the Pettit Limestone Formation, Reservoir A, in the Bear Creek Field, Bienville Parish, Louisiana. In Finding Nos. 1 and 5 of the said Order, the Commissioner of Conservation found that the Southern Natural Gas Company — T.J. Cummings No. 1 Well was depleted and incapable of producing oil, gas, or condensate in commercial quantities.
2. That the Commissioner of Conservation, after reviewing all available geological arid engineering data, including the production history of the Southern Natural Gas Company — T.J. Cummings No. 1 Well, had determined that a test of the Pettit Limestone Formation, Reservoir A, in the Bear Creek Field, Bienville Parish, Louisiana, in said well was unnecessary and would cause waste as defined by law.
3. That by ruling rendered on May 30, 1984, the First Circuit Court of Appeal of the State of Louisiana in the matter entitled Charlie W. Jordan v. Bay T. Sutton, Commissioner of Conservation, State of Louisiana, in His Official Capacity, bearing Docket No. 83-CA-0746 of said Court, mandated the Commissioner of Conservation to test or cause to be tested the Southern Natural Gas Company — T.J. Cummings No. 1 Well in the Pettit Limestone Gas Storage Area. The case was reported at 450 So.2d 1041 (La.App. 1st Cir.1984).
4. That pursuant to the mandate of the First Circuit Court of Appeal, reference Finding No. 3, the Commissioner of Conservation held a public hearing on October 26,1984, to determine the appropriate test and procedures for operations to ascertain whether or not commercially recoverable hydrocarbons remained in the lower zone of the Pettit Limestone Formation, and to determine the party or parties responsible for the payment of the costs in conjunction with the requisite testing.
5. That Supplement to Office of Conservation Order No. 78-F-4, dated October 31, 1984, and effective November 1, 1984, issued as a result of said hearing and set forth the testing procedure for the T.J. Cummings No. 1 Well and provided for the assessment of actual costs to the appropriate party in accordance with the test results.
6. That Supplement to Office of Conservation Order No. 78-F-4, dated October 31, 1984, and effective November 1, 1984, issued pursuant to a mandate from the First Circuit Court of Appeal, reference Finding No. 3; and being a direct result of the aforementioned litigation, said supplemental order is, therefore, limited to the parties to that lawsuit, and no person other than Charlie W. Jordan has standing to seek enforcement of the court-ordered test and to oppose the applicants’ request to recall and vacate Supplement to Office of Conservation Order No. 78-F-4, dated October 31, 1984, and effective November 1, 1984.
7. That a certain Agreement of Compromise, dated November 16, 1984, by and between Charlie W. Jordan, Larry C. Sutton, and Southern Natural Gas Company, and to which Agreement Herbert W. Thompson, the Commissioner of Conservation, likewise affixed his signature *432 evidencing his own accord and agreement with the settlement reached between all parties involved in the proceedings at that time, together with the opinion of the First Circuit Court of Appeal in the matter styled Jordan v. Sutton, 491 So.2d 741 (La.App. 1st Cir.1986), renders unnecessary the testing of the T.J. Cummings No. 1 Well. (Emphasis added). In the aforementioned case, the First Circuit Court of Appeal stated that:
During the pendency of this appeal, Charlie Jordan, the Commissioner and Southern Natural Gas Company, constituting all parties involved in this litigation other than the intervenors filed a joint motion with this court to recall and vacate this court’s judgment of May 30, 1984, [ordering a test of the T.J. Cummings No. 1 Well] reported at 450 So.2d 1041. However, since this judgment was settled and compromised by all parties involved in the proceedings at that time, we see no need to grant the motion to recall and vacate our previous judgment. (Emphasis added).
Id. at 742.
8. That Supplement to Office of Conservation Order No. 78-F-4, dated October 31, 1984, and effective November 1, 1984, should be recalled, vacated, and rescinded in full for the reasons set forth in Finding Nos. 1 through 7 above.
On March 18, 1987, BJH, Inc., Judson Perkins, James D. Jordan, and Bill C. Sutton filed a suit for judicial review against the Commissioner, in suit number 313,582 contending that they were “interested” parties and, as such, had standing to contest the recall of the Supplement to Order No. 78-F-4. Southern Natural Gas Company and Charles N. Malone, Trustee in Bankruptcy for Larry C. Sutton, filed petitions of intervention opposing the petition for judicial review. On May 4, 1987, the Commissioner and Southern Natural Gas Company filed a peremptory exception pleading the objections of no right of action and no cause of action. Malone also filed a peremptory exception pleading the objection of no right of action and/or no cause of action.
On May 11, 1987, Ralph Jordan filed a petition for judicial review against the Commissioner, in suit number 315,784, alleging that he was an “interested” party and, as such, had standing to contest the recall of the Supplement to Order No. 78-F-4. Similar interventions and exceptions were filed in suit number 315,784 as had been filed in suit number 313,582. Pursuant to motion by the Commissioner and Southern Natural Gas Company, the matters were consolidated on June 2, 1987.
After a hearing on the exceptions, the trial judge rendered judgment maintaining the exceptions pleading the objections of no right of action and no cause of action. The petitions for judicial review were thereafter dismissed.
From this adverse judgment, Ralph Jordan, BJH, Inc., Judson Perkins, James D. Jordan, and Bill C. Sutton appeal, assigning a single specification of error, namely that the trial court erred in maintaining the peremptory exception pleading the objections of no right of action and no cause of action.
NO RIGHT OF ACTION
LSA-C.C.P. art. 927 is the source of the peremptory exception pleading the objection of no right of action. It provides a threshold device for terminating a suit brought by one without the legal interest to assert it. Favrot v. Favrot, 448 So.2d 187 (La.App. 1st Cir.1984). The essential function of this objection is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff. It relates specifically to the person of the plaintiff. Henry v. State, Department of Health and Human Resources, 435 So.2d 565 (La.App. 3rd Cir.1983), writ denied, 441 So.2d 750 (La.1983); Landry v. Puritan Insurance Company, 422 So.2d 566 (La.App. 3rd Cir.1982); Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977).
In filing the petitions for judicial review, Ralph Jordan, BJH, Inc., Judson Perkins, James D. Jordan, and Bill C. Sutton contend that they are “interested” par *433 ties within the meaning of the rules of procedure for conducting hearings before the Commissioner.[2] As such, these parties contend they have a right to contest the recall of the supplement to Order No. 78-F-4.
In the instant case, these parties seek to attack the recall of an order which was rendered pursuant to litigation to which they were not parties. When the original order No. 78-F-4 was issued by the Commissioner in 1979, none of the instant parties opposed the Commissioner’s ruling.[3] Charlie W. Jordan and Larry C. Sutton instituted legal proceedings and obtained a judgment granting them the relief they requested. The supplement to Order No. 78-F-4 was specifically issued pursuant to the Court of Appeal judgment. Thereafter, Charlie W. Jordan, Larry C. Sutton, the Commissioner, and Southern Natural Gas Company entered into a compromise agreement settling the controversy among themselves. This concluded the matter among all parties involved in the extensive litigation that had been going on for years in numerous suits filed in both state and federal courts. The hearing before the Commissioner was held to recall the supplement to Order No. 78-F-4 and was specifically designed to conclude the compromise of the aforementioned litigation and was nothing more than an administrative conclusion of the compromised case.
The instant parties were not parties to that litigation and, although they may be adversely affected by the order to recall the supplement to the prior order, they have no right of action in these proceedings. As the trial judge aptly pointed out in his reasons for judgment, these parties “are trying to come to the dance after it is over.”
Therefore, we find that the trial court properly maintained the peremptory exception pleading the objection of no right of action. Because of this finding, we find it unnecessary to address the issue of the objection of no cause of action.
CONCLUSION
For the above reasons, the judgment of the trial court maintaining the exception pleading the objection of no right of action and dismissing the suits for judicial review of Order No. 78-F-5 (the order to recall the supplement to Order No. 78-F-4) is affirmed. Ealph Jordan, BJH, Inc., Judson Perkins, James D. Jordan, and Bill C. Sutton are cast for all costs.
AFFIEMED.

. For a full understanding of the facts underlying this controversy, see Jordan v. Sutton, 401 So.2d 389 (La.App. 1st Cir.1981); Jordan v. Sutton, 411 So.2d 1170 (La.App. 1st Cir.1982), writ denied, 414 So.2d 388 (La.1982); Jordan v. Sutton, 424 So.2d 305 (La.App. 1st Cir.1982); Jordan v. Sutton, 450 So.2d 1041 (La.App. 1st Cir. 1984), writ denied, 456 So.2d 1391 (La.1984); Jordan v. Sutton, 491 So.2d 741 (La.App. 1st Cir.1986); and Jordan v. Sutton, 491 So.2d 743 (La.App. 1st Cir.1986).

. Under Rule 1, an interested party is defined as any person as person is defined in Title 30 of the Louisiana Revised Statutes of 1950, other than an Interested Owner or a Represented Party as defined below, who presently owns an interest within the area of, or proximate to, the tracts directly affected by the application.

. The instant parties have not and do not contest the validity of Order No. 78-F-4, dated April 20, 1979. They did not and are not seeking judicial review of that order, which was successfully challenged by Charlie W. Jordan and compromised by Charlie W. Jordan.