12D ALE Y, Judge.
Appellant, Lafarge Concrete, appeals the dismissal of its Workers’ Compensation Intervention in the tort suit of its employee, Jimmy Allen. We remand, finding that La-farge’s intervention was not dismissed with the dismissal of Allen’s suit against Dresser.
On June 1, 1991, Allen was in the course and scope of his employment with Lafarge at a Dresser Industries worksite at the Shell Refinery in Norco when he was allegedly injured by the actions of a Dresser employee. Allen filed a claim for compensation with Lafarge, who paid Allen’s medical expenses and workers’ compensation benefits.
On June 1, 1992, Allen filed suit against Dresser for damages allegedly sustained in the work-related accident. On March 18, 1993, Lafarge filed a Petition of Intervention against both plaintiff and Dresser, seeking recovery of all workers’ compensation benefits and expenses Lafarge had paid to or on behalf of Allen. On 1 ¡¡March 19, 1993, the trial court granted Lafarge leave to intervene in the above proceedings.
On October 7,1996, plaintiff filed a Motion to Dismiss his lawsuit with prejudice, on the basis that a settlement agreement had been reached between plaintiff and Dresser. La-farge alleges it received no notice of this settlement agreement[1] and did not join in plaintiffs Motion to Dismiss, as is evidenced by the lack of a signature by Lafarge on that motion.
The trial court granted the plaintiffs Motion to Dismiss and dismissed the entire lawsuit with prejudice. Lafarge now appeals the dismissal of its intervention.
LSA-C.C.P. art. 1039 provides, in pertinent part:
If an incidental demand has been pleaded prior to motion by the plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action.
Lafarge cites Jordan v. Sutton, 491 So.2d 743 (La.App. 1 Cir.1986), which holds that when the intervention is filed prior to the Motion to Dismiss the main demand, the Petition for Intervention is not dismissed by the granting of that motion.
Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3 Cir.1978), a workers’ compensation case, holds that a Judgment of Dismissal that fails to mention the intervention does not dismiss the intervention: the intervention does not fall with the main demand, and remains viable.
The Judgment of Dismissal is found in an Order at the bottom of the Motion to Dismiss. The Receipt and Release was not attached to the motion. Neither the Motion to Dismiss nor the Order mention or refer to Lafarge’s intervention.
UNeither Allen nor Dresser has filed an appellee brief in this matter. From the record before us, and the pertinent case law, we find that Lafarge’s intervention in Allen’s suit against Dresser was not dismissed with the granting of Allen’s Motion to Dismiss. Therefore, Lafarge’s intervention remains viable.
We do not have grounds for reversing the trial court’s dismissal of the main demand, but we will remand the matter to the trial court, recognizing that Lafarge’s intervention was not dismissed, and remains to be adjudicated.
REMANDED.

. A workers' compensation plaintiff is required to give the intervenor notice of a compromise or settlement and also must obtain the intervenor's approval in writing. LSA-R.S. 23:1102.