PER CURIAM.
The Florida Bar Foundation, Inc., petitions this Court for approval of certain proposed amendments to its Articles of Incorporation, also called its Charter. This petition was filed with the approval and at the direction of the board of directors of the Florida Bar Foundation, Inc. The Board of Governors of The Florida Bar approved the substantive proposed amendments to sections 2.1(i), 6.1, 6.2(c), 6.2(e), 6.5(a), and 6.5(b) of the Charter, and had no objection to the remaining proposed amendments to the Charter, which are of a “housekeeping nature.” This Court has the authority to finally approve such amendments. See Fla.Bar Found.Chart'er, art. 10, *806 § 10.2. Having considered the petition and the proposed amendments, we hereby approve the attached amendments to the Articles of Incorporation of the Florida Bar Foundation, Inc.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
ARTICLES OF INCORPORATION OF THE FLORIDA BAR FOUNDATION, INC.
ARTICLE I. NAME
The name of this corporation shall be: The Florida Bar Foundation, Inc. For convenience it is herein called the corporation or the Foundation. The principal office and place of business shall be at a location in Florida established and ordered by the board of directors. The business of this corporation shall be carried on at its principal office in Florida, and at such other places as may from time to time be authorized by the board of directors.
ARTICLE II. PURPOSES AND POWERS
2.1 Purposes. The Foundation shall be operated exclusively for charitable, scientific, literary and/or educational purposes as described in Section 501(c)(3) of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent federal tax law (“Code”) including, but not limited to the following particular purposes:
a) The improvement of the administration of justice and the elevation of judicial standards;
b) The promotion of the study of law and research in the law, the diffusion of legal knowledge and the continuing legal education of lawyers;
c) The publication and distribution of works on legal subjects;
d) The improvement of relations between members of the Bar, the judiciary and the public;
e) The fostering of suitable standards of legal education and of admission to the Bar, and the furnishing of funds for making grants and loans to qualified and worthy persons for the study of law;
f) The aiding of members of The Florida Bar who shall be in great need of assistance because of illness, misfortune or advanced age;
g) The promotion of the preservation of the American constitutional form of government;
h) In furtherance of the foregoing charitable, scientific, literary and/or educational purposes, the assets and earnings of the Foundation, including, but not limited to those assets or earnings derived from the Interest on Trust Accounts Program, implemented by Order of the Supreme Court of Florida, in re Interest on Trust Accounts, 401 So.2d 389 (Fla.1981) as such Order may be amended from time to time, may be used for any one or more of the following charitable activities undertaken for exclusively public purposes:
(1) To provide legal aid to the poor;
(2) To provide law student loans and scholarships;
(3) To improve the administration of justice; and
(4) For such other programs for the benefit of the public as are specifically approved from time to time by the Supreme Court of Florida for exclusively public purposes.
i) No part of the assets or net earnings of the Foundation (including such assets or net earnings as may be derived from the Interest on Trust Accounts Program described in Article 2.2 hereof) shall inure to the benefit of any private shareholder or individual. Further, no substantial part of the activities of the Foundation shall not ■Garry shall consist of carrying on propaganda, or otherwise attempting, to influence legislation, and nor shall sot the Foundation participate in or intervene in (including the publication publishing or distribution distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.
*807 Except as more specifically hereinabove set forth, such activities may be undertaken directly by the Foundation, or by the provision of funds by the Foundation to The Florida Bar, Florida Legal Services, Inc., or other organizations, to be used exclusively for such purposes.
2.2 Contributions. The Foundation may receive, by contribution, gift, bequest, devise, or in any other manner, money, assistance, and any other form of real, personal, or mixed property, from any person, firm or corporation to be used in the furtherance of the purposes of the Foundation, provided, however, that gifts shall be subject to acceptance by the board of directors as required by the ByLaws. The Foundation may also receive all funds generated by the Interest on Trust Accounts Program.
2.3 Offices and Employees. The Foundation may establish one or more offices and employ such agents, employees and clerical force as may be deemed necessary or proper to conduct and carry on the work of the Foundation, and it may pay reasonable compensation for the services of such persons.
2.4 Powers: General. The Foundation may contract and be contracted with, sue and be sued, invest and reinvest the funds of the Foundation, and do all acts and things requisite, necessary, proper, or desirable to carry out and further the purposes for which the Foundation is formed.
2.5 Powers: Interest on Trust Accounts Program. With respect to the activities of, and assets and earnings derived from, the Interest on Trust Accounts Program, the Foundation may:'
a) Authorize capital expenditures, accumulations, or reserves, only as may be necessary to meet the reasonable working needs of the Foundation.
b) Retain professional investment advisory services;
e) Through its directors adopt rules of procedure reasonably necessary or helpful in carrying out the purposes and powers of the Foundation in managing and administering the Interest on Trust Accounts Program.
ARTICLE III. MEMBERS
3.1 Qualification. Each member of the Foundation shall be a member of The Florida Bar who is interested in the purposes of the Foundation.
3.2 Admission. Members shall be admitted by the directors in the manner determined by the ByLaws.
3.3 Terms. The terms of membership of members shall be established by the ByLaws.
3.4 Rights. Each member shall be entitled to one vote at meetings of the Foundation, but no member of the Foundation shall have any vested right, privilege or interest of, in or to the assets, functions, affairs or franchise of the Foundation, or any right, interest or privilege which may be transferable or inheritable or which shall continue if the member’s membership ceases or while the member is not in good standing.
3.5 Termination. Membership shall be terminated in the manner provided by the ByLaws. If a member ceases to be a member of The Florida Bar, the member’s membership in the Foundation shall be thereby terminated. A membership may be terminated for cause by concurrence of a majority of all directors of the Foundation after due notice to the member and an opportunity to be heard.
3.6 Meetings. Members shall meet annually-at the time- provided in the ByLaws and special meetings. Meetings of members may be called in the manner provided in the ByLaws.
ARTICLE IV. TERM; DISSOLUTION
This corporation shall have perpetual existence. In the event of a dissolution of the corporation, its assets, after payment of all debts and charges of the corporation, and expenses of dissolution, shall be distributed among all fully accredited schools of law within the State of Florida, not organized and operating exclusively for the benefit of any private shareholder, or individual, nor substantial part of the activities of which is carrying on propaganda, or otherwise attempting to influence legislation, and which does not participate ⅛ or intervene in (in- *808 eluding the publishing or distribution of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.
ARTICLE V.
The names and residences of the original subscribers hereto are as follows:
NAME RESIDENCE
Donald K. Carroll 1200 Greenleaf Building Jacksonville, Florida
J. Lance Lazonby Baird Office Building Gainesville, Florida
Kenneth B. Sherouse, Supreme Court Building Tallahassee, Florida
William A. Gillen Citizens Building Tampa, Florida
J. Lewis Hall 12⅛ E. Jefferson St. Tallahassee, Florida
Sherwood Spencer 1924 Hollywood Boulevard Hollywood, Florida
each of whom has been an officer or member of the Board of Governors of The Florida Bar.
ARTICLE VI. DIRECTORS
6.1 Number. The affairs of the Foundation shall be managed by a board of directors consisting of thirty twenty-nine (3029) directors, nineeight (98) of whom shall be directors as set forth in Article 6.2 hereof, eighteen (18) of whom shall be directors as set forth in Article 6.3 hereof, and three (3) of whom shall be the president, president-elect, and secretary-treasurer as set forth in Article 6.4 hereof. Directors as set forth in Article 6.2(fg) and Article 6.3 hereof shall be selected for staggered terms of office.
6.2 Designated Directors. NineEight (98) directors shall be directors by virtue of office, designation, or selection as follows:
a)The Chief Justice of the Supreme Court of Florida, or by proxy at any Foundation board or committee meeting that the Chief Justice cannot attend, another Justice of the Supreme Court of Florida, at the direction of the Chief Justice of the Supreme Court of Florida;
b) Two other judicial officers to be designated annually by the Chief Justice of the Supreme Court of Florida;
c) The president of The Florida Barjy-er by proxy at-any-Eoundation board or-committee meeting-that the president cannot attend, the president-elect-or-a member of the executive committee of the Board-of-Gever-nors, at the direction of the-president of The Florida Bar;
d) The president of Florida — Legal ServiceS', — Ine,The immediate past president of The Florida Bar; Mid
e) The.-immediate past president of The Florida Bar;The president-elect of The Florida Bar;
f) Two-public members, who shall-not-be lawyers, to be selected — by the nominating commission-established pursuant to Article 6.3(c) hereof, without submission-to-the Supreme Court of Florida -and certified to the Foundation no later than April lst-of-every year-.- The president of Florida Legal Services, Inc.; and
g) Two public members, who shall not be lawyers, to be selected by the nominating commission established pursuant to Article 6.3(c) hereof, without submission to the Supreme Court of Florida and certified to the Foundation no later than April 1st of every year.
6.3Selected Directors. Eighteen (18) directors shall be selected as follows:
a) One-third selected by the Foundation in the manner provided by the ByLaws;
b) One-third selected by the Board of Governors of The Florida Bar and certified to the Foundation no later than April 1st of every year; and
c) One-third selected by the Supreme Court of Florida from among nominees submitted by an eight (8) member nominating commission and certified to the Foundation no later than April 1st of every year. Membership on such nominating commission shall be comprised of an equal number of appointments by the Foundation in the manner provided by the ByLaws, and by the Board of Governors of The Florida Bar, and each *809 member so appointed shall be a current or past director of the Foundation?; and
d) Any director selected as set forth in Article 6.3 hereof who is a member of The Florida Bar shall be a member of the Foundation at the beginning of their term of office.
6.4 Officers Serve as Directors. In the event a person is elected president, president-elect, or secretary-treasurer of the Foundation, such person shall resign his or her remaining term of office as a director of the Foundation, but shall be a director of the Foundation by virtue of his or her office.
6.5 Term; Removal; Vacancies.
a) The Chief Justice of the Supreme Court of Florida, president of The Florida Bar, president-elect of The Florida Bar, and president of Florida Legal Services, Inc. shall be directors of the Foundation during their respective terms in office. The two judicial officers designated by the Chief Justice shall serve for twoone-year terms of office and may be redesignated for additional twoone-year terms at the pleasure of the Chief Justice. The immediate past president of The Florida Bar shall serve for a one-year term.
b) The two public members selected pursuant to Article 6.2(fg) hereof shall serve for not more than two a-single, two-year staggered terms. Their removal from office shall be determined by the ByLaws. Vacancies of directors selected pursuant to Article 6.2(#g) hereof between annual organization meetings of the board of directors which are caused in any manner shall be filled by the nominating commission pursuant to Article 6.2(fg) hereof for the unexpired term.
c) Directors selected pursuant to Article 6.3hereof shall serve for a three-year term, and may serve for one additional, consecutive three-year term. Them removal from office shall be determined by the ByLaws. Vacancies of directors selected pursuant to Article 6.3hereof occurring between annual organization-meetings — of the board of directors which are caused in any manner shall be filled by the selecting authority for such directors for the unexpired term.
d) Officers of the Foundation who are directors only by virtue of being officers shall be directors for them terms in office only. Their removal from office and the filling of vacancies shall be determined by the ByLaws.
6.6 Executive Committee. The affairs of the Foundation may be managed by an executive committee between meetings of the board of directors. The executive committee shall consist of directors and shall be established in the manner and with the authority provided by the ByLaws.
6.7 Transition. To achieve Article 6.2(#g) hereof, and in order to achieve Article 6.3hereof, as terms of existing directors expire or are terminated, selections of directors shall be made in the following manner:
a) In June 1990:
(1) The nominating commission shall select one (1) lay member for a one-year term beginning June 1990 and one (1) lay member for a two-year term beginning June 1990 as set forth in Article 6.2(fg) hereof;
(2) The Board of Governors of The Florida Bar shall select four (4) directors as set forth in Article 6.3(b) hereof; and
(3) The Supreme Court of Florida shall select four (4) directors as set forth in Article 6.3(c) hereof.
b) In June 1991:
(1) The Board of Governors of The Florida Bar shall select two (2) directors as set forth in Article 6.3(b) hereof;
(2) The Supreme Court of Florida shall select two (2) directors as set forth in Article 6.3(e) hereof; and
(3) The Foundation shall select one (1) director as set forth in Article 6.3(a) hereof.
c) In June 1992, the Foundation shall select five (5) directors as set forth in Article 6.3(a) hereof.
ARTICLE VII. OFFICERS
7.1 Number. The affairs of the Foundation shall be managed by a board of directors and administered by a president, president-elect, and secretary-treasurer, each of whom has previously served on the board of di *810 rectors, and such assistant officers as the board of directors shall from time to time deem desirable. Officers and assistant officers shall be members of the Foundation at the beginning of their terms of office.
7.2 Election. The officers shall be elected annually by the board of directors in the manner provided by the ByLaws. Terms of office may be limited as provided in the ByLaws.
ARTICLE VIII. BYLAWS
The board of directors of this corporation shall make and adopt ByLaws for the corporation, and said board and its successors in office shall have power to alter, amend, and rescind such ByLaws or to adopt new ByLaws.
ARTICLE IX. DIRECTORS’ AND OFFICERS’ COMPENSATION AND INDEMNIFICATION
9.1 Compensation. Directors of the Foundation shall not receive compensation, directly or indirectly, for their services as directors. Officers of the Foundation shall not receive compensation, directly or indirectly, for their services as officers unless they are employed by the board of directors as a member of the administrative staff of the Foundation. These prohibitions shall not preclude reimbursement of a director, officer or duly appointed committee member for expenses or advances made for the Foundation that are reasonable in character and amount and approved for payment in the manner provided by the ByLaws.
9.2 Indemnification. Every director and every officer of the Foundation shall be indemnified by the Foundation against all expenses and liabilities, including counsel fees, reasonably incurred by or imposed upon such director or officer in connection with any proceeding or any settlement of any proceeding to which such director or officer may be a party or in which such director or officer may become involved by reason of such director or officer being or having been a director or officer of the Foundation, whether or not such director or officer is a director or officer at the time such expenses are incurred, except when the director or officer is adjudged guilty of willful misfeasance or malfeasance in the performance of the director’s or officer’s duties; provided that in the event of a settlement before entry of judgment, the indemnification shall apply only when the board of directors approves such settlement and reimbursement as being in the best interest of the Foundation. The foregoing right of indemnification shall be in addition to and not exclusive of all other rights to which such director or officer may be entitled. Appropriate liability insurance, if available, shall be provided for every officer, directors’and agents of the Foundation in amounts determined from time to time by the board.
9.3 Interest of Directors and Officers in Contracts. Any contract, whether for compensation or otherwise, or other transactions between the corporation and one or more of its directors or officers, or between the corporation and any firm of which one or more of its directors or officers are stockholders or employees, or in which they are interested, or between the corporation and any corporation or association of which one or more of its directors or officers are shareholders, members, directors, officers or employees, or in which they are interested, shall be valid for all purposes, notwithstanding the presence of such director or directors, officer or officers, at the meeting of the board of directors of the corporation which acts upon or in reference to such contract or transaction and notwithstanding their participation in such action, if the fact of such interest shall be disclosed or known in writing to the board of directors and the board of directors shall, nevertheless, authorize, approve and ratify such contract or transaction by vote of majority of the directors present, such interested director or directors, officer or officers to be counted in determining whether a quorum is present but not counted in calculating the majority of such quorum necessary to carry such vote. This section shall not be construed to invalidate any contract or other transaction which would otherwise be valid under the common and statutory law applicable thereto.
*811 ARTICLE X. AMENDMENT
10.1 Notice of Amendments. Notice of the subject matter of a proposed amendment to these Articles shall be included in the notice of the meeting at which a proposed amendment is considered.
10.2 Procedure. These Articles of Incorporation may be amended in the following ways:
a) By petition of 50 or more members of the Foundation directly to the Supreme Court of Florida, after advance notice to and opportunity for consultation with and comment by the board of directors of the Foundation and the Board of Governors of The Florida Bar, and approved' by the Court.
b) By petition of the Board of Governors of The Florida Bar directly to the Supreme Court of Florida, after advance notice to and opportunity for consultation with and comment by the board of directors of the Foundation, and approval by the Court. A resolution adopting a proposed amendment or amendments shall be approved by an absolute majority of the members of the Board of Governors of The Florida Bar.
c) By petition of the board of directors of the Foundation directly to the Supreme Court of Florida, after advance notice to and opportunity for consultation with and comment by the Board of Governors of The Florida Bar, and approval by the Court. A resolution adopting a proposed amendment or amendments shall be approved by an absolute majority of the directors of the Foundation.
d) “Advance notice” means submission of the subject matter and language of the proposed amendment to the body having the right to consult and comment at least thirty days before its next regularly scheduled meeting.
10.3 Effective Date. Any amendment approved by the Supreme Court of Florida shall be effective upon filing with the Secretary of State as provided by law.