SUCCESSION OF G. M. LUCAS.—P. J. DUBOS AND WIFE, Intervenors.

Foreign judgments have no executory force in this State until they acquire it by the judgment and
fiat of our own tribunals. To procure such a fiat a personal action must be brought upon the
judgment—an action, the prescription of which is governed by Article 3508 of the Code.
The prescription of actions is regulated by the law of the forum.

APPEAL from the Second District Court of New Orleans, Lea J.
Griffon, for intervenors and appellants. Strawbridge, for curator.

SPOFFORD, J.   On the 5th June, 1831, Bazin & Garnier obtained a judgment for upward of 11,000 francs against Gabriel Marie Lucas before the "Tribunal de Première Instance" of Pointe à Pitre in the island of Guadaloupe.

In the same year Lucas removed from Guadaloupe to the city of New Orleans, where he engaged in commerce and continued to reside, until his death, in 1851.

Cavaroc was appointed curator of his succession, and in due time filed an account which was homologated, except so far as opposed by one Clausmadec, who claimed to be a creditor for a very large amount, but who discontinued his opposition after evidence was taken tending to rebut it.

On the 20th April, 1853, the present appellants, Dubos, Miettes and wife filed what is called an intervention, in which they claim to be creditors of the deceased as subrogees of Bazin & Garnier by virtue of the Guadaloupe judgment rendered against Lucas in 1831.

A general plea of prescription was filed by the curator in the District Court, which has been made more specific in this court—the prescription of ten and twenty years, under Article 3508 of the Civil Code, being relied on.

The plea must prevail.  Foreign judgments are evidences of debt, of high authenticity, but they have no executory force in this State until they acquire it by the judgment and fiat of our own tribunals.  To procure such a fiat a personal action must be brought upon the judgment—an action the prescription of which is governed by the Article 3508 of the Code.  Succession of Tilghman, 7 Rob. 392; Surget v. Stanton, 10 An. 318; Shackleford v. Robinson, 583.

It matters not that the judgment here sued upon was not prescribed by the law of France prevailing in Guadaloupe, as contended by the appellants; for the prescription of actions is regulated by the law of the forum only.  More than twenty years had elapsed since Lucas became a resident of Louisiana, before any proceeding was instituted here upon the judgment in question.

Judgment affirmed.