ON SECOND APPLICATION FOR REHEARING
PER CURIAM.
We rendered an opinion in this case on February 5, 1986, and on March 13, 1986 we denied a rehearing sought by defendants, both of which are recorded at 484 So.2d 155. In a per curiam denying defendants’ application we nevertheless amended our original opinion to grant defendants the relief they sought. Defendants complained of our reversal of the trial court’s refusal to allow an amendment of the amount of quantum demanded for itemized damages, particularly wage loss. In our per curiam we stated that we had erred and limited the recovery of economic loss *790 to the amount originally pleaded, namely, $300,000.
In our per curiam we followed the case of Freeman v. Harold Dickey Transport, Inc., 467 So.2d 194 (La.App.3d Cir.1985) which focused on LSA-C.C.P. art. 861. We concluded “that the liberal provisions of LSA-C.C.P. art. 1154 have not been applied to situations relating to quantum demands set forth in pleadings.” Plaintiffs-appellants then applied for a rehearing urging that our original opinion was correct and that our per curiam opinion was erroneous. We granted plaintiffs-appellants’ application for rehearing upon which we now act.
Upon reconsideration we conclude that our original opinion was correct, which we reinstate. The expressions contained in our first opinion are recalled and set aside.
The correct view of amendment of demands for quantum awards, that is, in the amount, is governed by Article 1154. It is true that items of special damages must be itemized in the petitioners pleadings. If there is no offer to amend when evidence beyond the pleadings is timely objected to, then exclusion of the evidence is proper. This is the rule of Freeman v. Harold Dickey Transport, Inc., supra. However, the Freeman case is not authority for refusing an offered amendment at or near the trial date. The matter still addresses itself to the discretion of the trial court and the showing of prejudice or lack of prejudice. In harmonizing the two articles we construe their purposes as follows. Article 861 requires that the plaintiff let the defendant and the court know what the plaintiff seeks. Article 1154 is a liberal rule which allows the trial court to ameliorate the harsh rule of strict pleading under appropriate circumstances. In allowing any amendment, especially at a late date, the court should protect the defendant by giving due consideration to prejudice which might result and in the granting of a continuance if appropriate.
For the foregoing reasons, we recall and set aside the amendment of our original opinion by the ruling in our first per cu-riam. We now order our original opinion and judgment reinstated in full.
ORIGINAL OPINION REINSTATED.