659 So.2d 507 (1994)
Mary BANKSTON, Plaintiff-Appellant,
v.
ALEXANDRIA NEUROSURGICAL CLINIC, Defendant-Appellee.
No. 94-693.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
Rehearing Denied January 20, 1995.
*509 Mary Bankston, pro se.
Charles Overton LaCroix, Alexandria, for Briarwood Hosp.
David Richard Sobel, Alexandria, for Dr. C. Babson Fresh, et al.
Mary Self, pro se.
Gary Bankston, pro se.
Before KNOLL and WOODARD, JJ., and BERTRAND,[*] J. Pro Tem.
WOODARD, Judge.
This is an appeal from a dismissal of plaintiff's medical malpractice claim as a result of her failure to appear at the trial on the merits.

FACTS
Appellant, Mary Bankston, injured her back in late 1985. She alleges that on November 4, 1985, Dr. C. Babson Fresh performed an improper surgical procedure on her back to which she did not consent. Ms. Bankston filed suit pro se against Dr. Fresh and six other defendants on November 3, 1986, alleging medical malpractice and a variety of other claims.
The trial court granted defendants' exception of prematurity on the grounds that Ms. Bankston had failed to obtain an opinion from a medical review panel prior to instituting suit. The court then dismissed her claim, reserving to her the right to refile after a medical review panel had rendered a decision.
Ms. Bankston requested review of her claim by a medical review panel on December 10, 1986. The panel disbanded automatically on December 1, 1988, however, before they were able to sign a formal, written opinion. Ms. Bankston therefore refiled her lawsuit pro se on December 1, 1988, again alleging medical malpractice and a variety of other claims.
A large number of motions and documents were subsequently filed in this case involving multiple decisions of this court and the Louisiana Supreme Court, and Ms. Bankston was sanctioned repeatedly for filing frivolous appeals. Her action was finally set for trial on the merits on July 6, 1993, but she failed to appear. The trial court therefore dismissed her suit with prejudice pursuant to La.C.C.P. art. 1672(A), and she now appeals. Gary Bankston, her husband, and Mary Self, who performed services for her, seek to intervene as appellants. It is difficult to discern from Ms. Bankston's pleadings the exact nature of her assignments of error. It is clear, however, that she feels aggrieved by the dismissal of her claim.
Subsequent to her appeal, Ms. Bankston moved to dismiss her own appeal and to correct the record on appeal. We referred these motions to the merits, and Ms. Bankston applied to the Louisiana Supreme Court for writs to reverse the referral.

LAW
MS. BANKSTON'S MOTION TO DISMISS
The supreme court has neither acted upon Ms. Bankston's application for writs to review our decision to refer her motion to dismiss to the merits nor stayed the proceedings of this court in the matter. We therefore retain jurisdiction of this case. See La.C.C.P. art. 2166(D); Uniform Rules, Courts of Appeal, Rule 4-4.
Despite its title, we do not believe that Ms. Bankston intended her "Motion and Order to Dismiss and Reply to Answers to Defendant's Appeal" to dismiss her appeal. In this document, she urges that "the appeals have been perfected and should be dismissed so the claim can be remanded back to the trial court." Further, in bold type and surrounded by red permanent marker, she requests us to "PLEASE grant these petitioners herein the right to have the jury trial." It is clear that she has merely misused the word "dismissal" and that she intended to *510 request this court to grant her the right to go to trial; in other words, she is again requesting this court to overturn the dismissal of her claim. Given Ms. Bankston's lack of legal education and the nonsensical result of a literal interpretation of her motion, we believe that justice is best served if we interpret her language according to its clear intent, rather than solely by reference to the words as written. We therefore proceed to the merits of her appeal.

APPELLANT'S REFILED PETITION
Ms. Bankston appears to argue that the dismissal of her claim was improper because she refiled her petition on June 25, 1993, so that the trial court had no power to act on the claim that it dismissed on July 6, 1993. She claims that La.R.S. 40:1299.44(C)(1) grants her the right to do so. However, that statute provides only the right to file a petition when none is pending in the parish in which a party is domiciled; the right to refile is not thereby granted.
As a general proposition of law, a plaintiff may amend his petition after the defendant answers only by leave of court, and a court's decision not to permit refiling is reviewable only for abuse of discretion. La. C.C.P. art. 1151; Royer v. St. Paul Fire & Marine Ins. Co., 502 So.2d 232 (La.App. 3 Cir.), writ denied, 503 So.2d 496 (La.1987). Due consideration must be accorded to the prejudice that would result to the defendants if Ms. Bankston were permitted to file a new petition days before trial and five years after she filed her initial petition. Deshotel v. South Louisiana Contractors, Inc., 487 So.2d 789 (La.App. 3 Cir.1986). Consequently, we cannot find that the trial court abused its discretion by refusing to permit Ms. Bankston to file a new petition.

DISMISSAL OF APPELLANT'S CLAIM
Ms. Bankston also argues that the trial court erred in dismissing her claim on the grounds that the court should have stayed its proceedings during the pendency of her application for writs. However, an application for writs does not automatically stay further proceedings in the trial court. Uniform Rules, Courts of Appeal, Rule 4-4. Ms. Bankston obtained no order staying the proceedings, and it is clear from the record that she was aware of the date on which the trial was set to occur. Therefore, the trial court did not abuse its discretion in permitting this matter to go to trial.
"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice." La.C.C.P. art. 1672(A). The trial court therefore did not abuse its discretion in granting defendants' motion to dismiss Ms. Bankston's claim when she failed to appear at the trial.
Moreover, dismissal for plaintiff's failure to appear to prosecute a claim properly results in dismissal with prejudice. Keyes v. Johnson, 542 So.2d 209, 210 (La.App. 3 Cir.), writ denied, 546 So.2d 1215 (La.1989); Thomas v. State, 383 So.2d 108, 108-09 (La. App. 3 Cir.1980). As a result of the trial court's superior knowledge of the condition of its docket, fairness to the parties and other litigants, and the need for orderly and prompt administration of justice, appellate courts will reverse a trial court's determination of the terms of dismissal only for clear abuse of the court's discretion. Keyes, 542 So.2d at 210-11. Given Ms. Bankston's unjustified failure to attend the trial on her claim despite repeated warnings to do so, the voluminous and repetitive history of this litigation, and the need for the orderly and prompt administration of justice, we cannot find that the trial court abused its discretion in dismissing Ms. Bankston's claim with prejudice.
We recognize that pro se plaintiffs should be allotted more latitude than plaintiffs represented by counsel because they lack formal training in the law and its frequently arcane or counterintuitive rules of procedure. Ms. Bankston's error is not attributable to her lack of education, however; she simply failed to appear at a legal proceeding of which she had knowledge and that any reasonable person would have realized was necessary to attend. Therefore, it would *511 be improper to excuse her behavior on account of her comparative ignorance of the law, especially in light of the cost of this litigation to the defendants and the judicial resources that have been consumed in its adjudication. Despite Ms. Bankston's colorful language, frequently referring to the defendants' and others' attempts to "cheat" or "rob" her of her day in court, it was she who robbed herself of the opportunity to litigate this claim.

DAMAGES
Defendants seek damages from Ms. Bankston and her co-appellants under La.C.C.P. art. 2164, arguing that this appeal is frivolous. Normally, this court refrains from awarding damages for frivolous appeals against pro se litigants, even though a small number of such litigants expend a disproportionate amount of the court's time and resources. State Farm Mutual Automobile Ins. Co. v. Callahan, 571 So.2d 852, 855 (La.App. 3 Cir.1990), writ denied, 576 So.2d 51 (La.1991). Appeals are always favored, Hampton v. Greenfield, 618 So.2d 859 (La. 1993), and the slightest justification for an appeal precludes damages for frivolous appeal. Harrison v. McNeese State Univ., 635 So.2d 318, 321 (La.App. 3 Cir.), writ denied, 638 So.2d 1099 (La.1994). However, filing pro se offers a party neither an impenetrable shield nor a license to harass others, clog the judicial machinery with meritless litigation, or abuse already overloaded court dockets. Id.
By this appeal, Ms. Bankston has attempted to revive her claim against the defendants, which was ended because she failed to appear at trial. However, she has scarcely mentioned her justification for failing to appear, and has instead taken the opportunity to raise once again the issues that have been ruled upon throughout the course of this preternaturally prolonged litigation. She has simply failed to raise any legitimate issues for decision on appeal. As a result, the defendants have once again been forced to incur significant costs in combing through Ms. Bankston's voluminous, repetitive and irrational filings. Bankston v. Alexandria Neurosurgical Cl., 583 So.2d 1148, 1155 (La.App. 3 Cir.), writ denied, 589 So.2d 1066 (La.1991). Her relentless pursuit of these defendants with unsupported accusations and groundless claims is "so ridiculous and so opposed to rational thinking" that it taxes our credulity to believe that she is acting in good faith. See Parker v. Interstate Life and Accident Ins. Co., 248 La. 449, 179 So.2d 634, 637 (1965). We simply cannot countenance such repeated abuse of the judicial system, and we therefore hold that she has acted so unreasonably as to justify the imposition of damages for filing a frivolous appeal.
Previously, we awarded the defendants $3000 each as damages for frivolous appeal. Given the circumstances of the case as it stands now, including the size and disarray of the record, and Ms. Bankston's failure to appear at trial and to raise legitimate issues on appeal, we believe that an award of $3000 per defendant is appropriate at this time. Bankston, 583 So.2d at 1155; Bank of Sunset & Trust Co. v. Charlot, 614 So.2d 1386 (La. App. 3 Cir.1993).

INTERVENORS
Ms. Self initially filed her petition to intervene in Ms. Bankston's lawsuit in January 1993, but she could intervene only by leave of court because the defendants had already filed their answer. La.C.C.P. art. 1033. The court did not grant leave until March 1994, as evidenced by the clerk's date-stamp on the order permitting intervention. Her claim therefore depends on and is dismissed with Ms. Bankston's claim, because she did not intervene prior to the filing of the motion to dismiss on July 6, 1993. La.C.C.P. art. 1039; Jordan v. Sutton, 491 So.2d 743 (La.App. 1 Cir.1986).
There is no evidence that Mr. Bankston ever filed a petition to intervene in Ms. Bankston's lawsuit. He asserts that he "is a party to this action too" because the Bankstons' community property was seized to pay for sanctions against Ms. Bankston, but community property can be seized to pay for the debts of either spouse. La.C.C. art. 2345. In effect, Mr. Bankston simply decided unilaterally that he would be a plaintiff. Marriage confers no exception to the procedural *512 rules of the courts of this state, however, and in the absence of an actual intervention or other relevant legal action, Mr. Bankston has no role to play in this litigation.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court dismissing Ms. Bankston's lawsuit with prejudice, and we award damages against Ms. Bankston in favor of defendants Dr. C. Babson Fresh, Dr. John Patton, and Briarwood Hospital in the amount of $3000 each, with legal interest commencing on the date of this opinion. Additionally, we order, adjudge, and decree the dismissal of Ms. Self's and Mr. Bankston's appeals in intervention. Costs of this appeal are assessed against the appellants, to be apportioned equally.
AFFIRMED AND RENDERED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.