746 So.2d 659 (1999)
Sidney J. BROUSSARD, Plaintiff Appellant,
v.
Andre F. TOCE and XYZ Insurance Co., DefendantsAppellees.
No. 99-555.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
*660 Sidney J. Broussard, Pro se.
Gregory Kent Moroux, Andre F. Toce, Lafayette, for Andre F. Toce, et al.
BEFORE YELVERTON, WOODARD, and PICKETT, Judges.
YELVERTON, J.
Sidney J. Broussard represents himself in this lawsuit. He appeals a judgment dismissing his legal malpractice claim against his attorney, André F. Toce, on an exception of prescription. The judgment also denied Toce's countering demand for sanctions. Broussard appeals this judgment, and Toce answered the appeal asking for sanctions.

FACTS
Broussard entered into a contingent fee contract with Toce on September 29, 1995, retaining the attorney's services to represent him in a claim for the wrongful death of his brother who perished in a helicopter crash. The case was settled for $15,000. Toce retained $5,000 as attorney's fees pursuant to the contingent fee contract agreeing to 331/3% of the amount recovered. An additional $5,000 was retained in a client trust account based on a retainer agreement to pay costs, expenses, and attorney's fees for representing Broussard's interest in a separate matter. The separate matter was a paternity claim against the deceased brought on behalf of a child. At the time of the disbursement expenses totaled $847.21. A letter explaining the current expenses and other calculations regarding the disposition of the settlement funds, along with a check for $5,000, was mailed to Broussard on August 26, 1996.
On April 10, 1997, Broussard filed a complaint with the Disciplinary Board of the Louisiana State Bar Association claiming that he did not receive his money timely and that holding the $5,000 in trust was not discussed with him. Broussard further alleged that Toce settled the case without his consent. Broussard admitted that he agreed to the settlement in July, but argues that Toce had the settlement check in hand on April 8, 1996, before he even agreed to the settlement. Broussard also alleged other problems with the case.
*661 The Disciplinary Board dismissed the complaint on March 11, 1998. Broussard then filed the present suit against Toce on July 29, 1998, making the same complaints as he did to the Disciplinary Board. Toce filed an exception of prescription claiming that by April 10, 1997, at the latest, Broussard was aware of his possible claims against him. For the following reasons we agree with the trial court that Broussard's claim has prescribed.

PRESCRIPTION
Broussard argues that his claim against Toce has not prescribed because he did not know he had a negligence claim until the DNA test results in the paternity suit came back negative on September 12, 1997. He contends that had he known he did not have a claim against the child for payment of half of a mortgage note that he co-signed with his brother, he would not have agreed to the $15,000 settlement. He claims that Toce should have advised him to get the blood tests completed before settling the death case. Broussard further argues that he had alleged fraudulent acts committed by Toce to which the one-year prescriptive period does not apply.
Louisiana Revised Statute 9:5605 applies to the claims asserted by Broussard in this case and provides in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B.... The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state... the prescriptive and peremptive period shall be governed exclusively by this Section.
. . . .
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
Broussard claims that his complaint to the Disciplinary Board concerning the fee dispute has nothing to do with his complaint that Toce should have advised him that he could be held liable for the entire mortgage note he had signed with his brother, which was for $75,000, regardless of whether the child was his brother's or not. He states that he did not know about this until he was advised by another attorney that even if the child had been his brother's, the child could still renounce the estate and escape an obligation for the debts. It appears he is saying that he would not have settled for $15,000 had he known that he may not have a claim against the child for liability for part of the mortgage note. Broussard states that the DNA test results were not available until September 12, 1997. This is the date he argues that he became aware of Toce's negligence.
The whole basis for Broussard's suit for the death of his brother was because he co-signed a $75,000 mortgage note with his brother which was still owed when his brother died. It is a fact that when he co-signed this note, he knew that he might be liable for the whole note. This knowledge is obvious in his complaint to the *662 Disciplinary Board. When Broussard agreed to the settlement he was aware that he might be responsible for the $75,000 mortgage note. Therefore, when Broussard filed the complaint with the Disciplinary Board on April 10, 1997, voicing his concerns about the settlement, he was also aware that he might be held responsible for the entire $75,000 note. Broussard also knew then that the child may not even be his brother's. In that case he would not have a claim against the child to pay part of this debt.
Broussard also argues that fraud is subject to a three-year prescriptive period. Louisiana Revised Statute 9:5605(E) provides that the peremptive periods in Subsection A do not apply in causes of fraud as defined in La.Civ.Code art.1953. Article 1953 defines fraud as follows:
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.
Broussard's petition alleges that Toce committed fraud when he accepted the settlement offer two months before he notified Broussard of the settlement offer. Toce has denied this. This claim was also asserted in Broussard's complaint to the Disciplinary Counsel. Therefore, Broussard was aware of his claim against Toce for fraud on April 10, 1997.
Broussard's argument that his fraud claim has not prescribed fails to recognize that this claim is still subject to the one-year prescriptive period from the date of discovery. La.R.S. 9:5605(A). Subsection E of La.R.S. 9:5605 carves out an exception for the three-year peremptive period only. Broussard v. F.A. Richard & Associates, Inc., 98-1167 (La.App. 3 Cir. 3/17/99); 732 So.2d 578. Therefore, Broussard's fraud claim has also prescribed since he was aware of the alleged fraudulent acts more than one year prior to filing his suit.
Thus, using April 10, 1997, as the latest date that Broussard discovered his alleged causes of action against Toce, we agree with the trial judge that Broussard's lawsuit is untimely. Accordingly, we affirm the trial court's judgment dismissing Broussard's action on the grounds that this case has prescribed.

SANCTIONS
At the trial level Toce made an oral motion for sanctions which was denied. Toce answered the appeal claiming that the trial court erred in not awarding attorney's fees and sanctions against Broussard. Toce argues that the suit for damages against him was clearly prescribed and was filed for the improper purpose of simply harassing him.
Louisiana Code of Civil Procedure Article 863 allows a court to impose sanctions when a party has incurred unjustified expenses due to pleadings filed in court which have been signed and certified by an attorney or a party himself as being in good faith. We are aware that filing pro se offers a party neither an impenetrable shield nor license to harass others, clog judicial machinery with meritless litigation, or abuse already overloaded court dockets. Bankston v. Alexandria Neurosurgical Clinic, 94-693 (La.App. 3 Cir. 12/7/94); 659 So.2d 507, writ not considered, 95-0465 (La.4/7/95); 660 So.2d 436. In this case, however, the evidence indicates that Broussard had some concerns over the fees and handling of the complicated matters he turned over to Toce. We will give him the benefit of the doubt that, not being versed in the law, he believed he had a legitimate argument. These concerns have been adequately addressed not only by the Disciplinary Counsel but now by the courts as well. We decline at this time to award sanctions.
The judgment of the trial court is affirmed. Costs of this appeal are assessed to Sidney Broussard.
AFFIRMED.