IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 99-30644
Summary Calendar

———————————————

LAWRENCE OZEL LITTLE,

Plaintiff-Appellant,

versus

CHARLES R. ROWE; JERRY A.
WHITTINGTON; RUTH COX;
VICTOR SIZEMORE,

Defendants-Appellees.

———————————————————————————————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-238

———————————————————————————————————————————————————

May 11, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lawrence Ozel Little, federal prisoner # 53017-0800, argues that the district court abused its discretion in dismissing his complaint as frivolous based on its being prescribed under Louisiana law.

Little's complaint did not raise a federal question and, thus, the district court's jurisdiction was based on diversity because the parties are domiciled in different states and the amount in controversy exceeds $75,000.  See 28 U.S.C.

—————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1332(a)(1).  Therefore, the Louisiana law of prescription was properly applied in the case.

Under Louisiana law, Little was required to file an action for legal malpractice or fraud within one year of the alleged act of malpractice or within one year of the date that the alleged act of malpractice or fraud is discovered or should have been discovered.  La. Rev. Stat. Ann. 9:5605 (West 1999); Broussard v. Toce, 746 So. 2d 659, 662 (La. Ct. App. 1999).

Little was in possession of facts more than one year prior to the date that he filed his complaint which made him aware or should have made him aware of the fact that the defendants had engaged in legal malpractice and/or fraud.  The district court did not abuse its discretion in dismissing the complaint as frivolous based on the time-bar.  28 U.S.C. § 1915(e)(2)(B)(i); See Gonzales v. Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998).

Little has not argued on appeal that the district court erred in denying his motion to amend his complaint to raise constitutional claims.  Therefore, this claim is deemed abandoned.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Little has failed to raise a nonfrivolous issue on appeal. Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

APPEAL DISMISSED.