It GASKINS, J.
The plaintiffs in these three consolidated eases, Canizaro Trigiani Architects, PA, Godfrey & Bassett Architects Ltd., and Burdine Materials, Inc., appeal from a trial court judgment finding that their foreign judgments against the defendant, Larry Crowe, made executory in this state in 1991, had prescribed and could not be revived. For the following reasons, we reverse the trial court judgment.
FACTS
The plaintiffs obtained separate judgments against the defendant in Warren County, Mississippi, between September 22, 1986 and May 2, 1988.[1] They then filed petitions in West Carroll Parish, Louisiana, under La. R.S. 13:4241, et seq., the Enforcement of Foreign Judgments Act (EFJA), to make the judgments executory in this state. Judgments were signed in West Carroll Parish on July 15, 1991, recognizing the Mississippi judgments and making them executory.
On May 18, 2001, the plaintiffs filed petitions to revive the Mississippi judgments. The estate of Larry Crowe filed an answer, raising the affirmative defense of prescription. The defendant argued that the Mississippi judgments were merely made executory in this state and were not Louisiana judgments. Therefore, they had to be revived in Mississippi. This was not done and the defendant reasoned that, because the judgments were prescribed in Mississippi, they could not be revived in Louisiana. These matters were set for trial on September 10, 2001, but the parties | ¡.agreed to submit on pleadings and memorandum. The trial court decided in favor of the defendant.
According to the court, the issue was whether the ten-year prescription period for money judgments provided for in La. C.C. art. 3501 runs from the date the Mississippi judgments were rendered in that state or the date the Louisiana court recognized the judgments and made them executory in this state. The trial court recognized that there were two ways to make a judgment executory. The first method is the EFJA, found in La. R.S. 13:4241, et seq. The other method is codified in La. C.C.P. art. 2541. According to the trial court, the judgments were made executory under the ex parte procedure of the EFJA and not in an ordinary proceeding under La. C.C.P. art. 2541. According to the trial court, the foreign judgments did not become Louisiana judgments as they would have in an ordinary proceeding. The trial court reasoned that, because the Louisiana judgments in this case were only procedural devices to enforce the Mississippi judgments, the ten-year prescriptive period under La. C.C. art. 3501 began to run from the date of rendition of the judgments in Mississippi. Because more than ten years had passed since the entry of the judgments in Mississippi, the court found that they were prescribed and could not be revived. The plaintiffs appealed.
ENFORCEMENT OF FOREIGN JUDGMENTS
The plaintiffs argue that the trial court erred in holding that by seeking enforcement of the Mississippi judgments *388 against the defendant under La. R.S. 13:4241, et seq., the judgments never became Louisiana judgments and prescribed ten years from the date they were entered in | ¡¡Mississippi. They also assert that the trial court erred in finding that only the provisions of the EFJA apply. They contend that they also complied with the requirements of La. C.C.P. art. 2541. According to the plaintiffs, under either procedure for making a foreign judgment executory, a Louisiana judgment is obtained and prescriptive periods count from the entry of the Louisiana judgment.
Prescription and revival of judgments are governed in this state by La. C.C. art. 3501 which provides:
A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final.
An action to enforce a money judgment rendered by a court of another state or a possession of the United States, or of a foreign country, is barred by the lapse of ten years from its rendition; but such a judgment is not enforceable in this state if it is prescribed, barred by the statute of limitations, or is otherwise unenforceable under the laws of the jurisdiction in which it was rendered.
Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this Article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire.
Revival of a money judgment is accomplished under La. C.C.P. art. 2031 which provides:
A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.
The judgment debtor shall be made a defendant in the proceeding to revive the judgment, unless he is dead, in which | ¿event his legal representative or legal successor shall be made a defendant.
A judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived.
According to the plaintiffs, the trial court’s conclusion that the judgments made executory under the EFJA are not judgments of this state was rejected in Norvell v. Norvell, 94-0001 (La.App. 4th Cir.1/19/95), 649 So.2d 95, writs denied, 95-0681, 95-0683 (La.5/5/95), 654 So.2d 325. In that case, an ex-wife with a Tennessee alimony arrearage judgment made it executory in Louisiana under the EFJA. The ex-husband filed in Louisiana to reduce alimony. The ex-wife argued that the Louisiana court did not have authority to modify the judgment. The appellate court found that the judgment became a Louisiana judgment and could be modified. The defendant attacks the plaintiffs’ reliance on Norvell v. Norvell, supra, contending that the case did not deal with prescription. While that is correct, it appears to be a distinction without a difference. If a foreign judgment made executory under the EFJA becomes a judgment of this state for purposes of modification of the substance of the judgment, then it would appear that our procedural rules regarding prescription ought to apply.
*389 The resolution of the issue before the court must begin with an examination of the procedures available for the enforcement of foreign judgments in Louisiana. The original procedure for accomplishing this is embodied in La. C.C.P. art. 2541 which provides:
A. A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign |Rcountry may either seek enforcement pursuant to R.S. 18:4241, et seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.
B. In the latter case, a duly authenticated copy of the judgment or decree must be annexed to the petition. [Emphasis supplied.]
The requirement of an ordinary proceeding to enforce a foreign judgment dates back in our jurisprudence for more than one hundred years. See Succession of Lucas, 11 La. Ann. 296, 1856 WL 4533 (1856).
Eventually, a speedier and more uniform procedure for the enforcement of foreign judgments became desirable. The Uniform Enforcement of Foreign Judgments Act (UEFJA) was initially approved by the American Bar Association in 1948 to provide an effective procedure for a judgment creditor to pursue a mobile judgment debtor who had removed himself and his property from the state in which the judgment was rendered. It was also intended to give holders of foreign judgments the same rights and remedies as the holder of a domestic judgment. Sarah L. Johnson, Validity, Construction, and Application of the Uniform Enforcement of Foreign Judgments Act, 31 A.L.R.4th 706 (1984). In 1964, a revision of the Act was adopted. The framers of the revision noted:
Court congestion is a problem common to all states. Overcrowded dockets, overworked judges and court officials, with attendant delays, inevitably tend to lower standards for the administration of justice. One of the things which contributes to calendar congestion is the Federal necessity of giving full faith and credit to the judgments of the courts of other states. While there is no constitutional requirement that a debtor who has had a full due process trial in one state need be given a second full scale trial on the judgment in another state, this is the only course generally available to creditors. The usual practice requires that an action be commenced on the foreign | ¿judgment. The full procedural requirements apply to the second action.
31 A.L.R.4th 706, 713.
The 1948 version of the UEFJA provided a summary judgment procedure for actions on foreign judgments. The 1964 version brought the procedure in line with that employed by Federal District Courts:
This 1964 revision of the Uniform Enforcement of Foreign Judgments Act adopts the practice which, in substance, is used in Federal courts. It provides the enacting state with a speedy and economical method of doing that which it is required to do by the Constitution of the United States. It also relieves creditors and debtors of the additional cost and harassment of further litigation which would otherwise be incident to the enforcement of the foreign judgment. This act offers the states a chance to achieve uniformity in a field where uniformity is highly desirable....
31 A.L.R.4th 706, 713.
The EFJA contained in La. R.S. 13:4241, et seq. was added in 1985 and is *390 Louisiana’s adoption of the 1964 version of the UEFJA. See La. Acts 1985, No. 464, § 1. La. R.S. 18:4242 provides:
A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staging as a judgment of a court of this state and may be enforced in the same manner. [Emphasis supplied.]
|7As noted above, the EFJA is very similar to the federal procedure for registration of judgments found in 28 U.S.C. § 1963.[2] In the federal context, a question very similar to that presented in the case sub judice was considered in Home Port Rentals, Inc. v. International Yachting Group, Inc., 252 F.3d 399 (5th Cir.5/21/01). In Home Port Rentals, Inc., the plaintiff obtained a judgment against several co-defendants in the United States District Court for the District of South Carolina. Judgment was rendered on March 20, 1989. That judgment became final after appeal on April 2, 1992. On March 17, 1999, the plaintiff sought registration of the foreign judgment in the District Court for the Western District of Louisiana under 28 U.S.C. § 1963. The Louisiana federal district court found that the South Carolina judgment could be registered and would be enforceable for ten years from April 2, 1992, the date the judgment became final in the rendering court.[3] The Fifth Circuit modified the federal district court ruling, finding that the registration of the judgment in effect created a new [¿judgment of the registering court. Therefore, the judgment was enforceable for ten years from the date of the registration, March 17,1999.[4]
The court in Home Port Rentals, Inc. v. International Yachting Group, Inc., supra, reasoned as follows:
Thus, once a money judgment of a federal district court in one state is registered in the federal district court of another state at a time when neither state’s statute of limitations (prescriptive period) has expired, neither the limitation period of the rendering state nor *391 the date the judgment became final in that state has any effect whatsoever on enforcement of the registered judgment within the district of registration. Rather, such enforcement proceedings following registration are governed exclusively by the limitation rules of the state in which the registration district is situated, as they would be applied to a judgment-on-judgment of the registration court. Therefore, enforcement proceedings on a registered judgment can be instituted in the registration court at any time before the expiration of that court’s state-determined limitation (prescriptive) period, that such proceedings could be instituted on a new judgment — including a judgment-on-judgment — of the registration court. At least in Louisiana, that period starts to run on the date the judgment is registered.
We simply cannot read the plain language of the final sentence of § 1963— “A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner” — any way other than as equating registration with a new judgment-on-judgment, at least for purposes of enforcement within the district of registration. And we are firmly convinced regarding Louisiana, ... that one feature of any new money judgment of the registration court — including a judgment-on-judgment — is that the limitation period for enforcement begins to run from entry of the new judgment, not from either the rendition of the original judgment or from its finality, whether by affirmance on appeal, by expiration of the time within which an appeal could have been filed, or by the date it was signed by the trial court. In Louisiana, this means that prescription on enforcement of the registered judgment in the district of registration commences to run on the day of registration, just as such prescription would begin to run on a new judgment of the registration court. The only thing that is governed by the statute of limitations of the rendering court is the time during which a 1 ¡judgment from the rendering court can be registered under § 1963 in the first place. It has no bearing on enforcement once registration is accomplished. [Footnotes omitted.]
The court then noted in a footnote that under La. C.C.P. art.2031, Home Port could presumably extend the limitation period for enforcing the 1989 judgment within the Western District of Louisiana for subsequent prescriptive periods of ten years each by following the state’s procedure for revival of judgments.
In support of its finding, the court in Home Port Rentals, Inc. v. International Yachting Group, Inc., supra, cited Stanford v. Utley, 341 F.2d 265 (8th Cir.1965). In Stanford, a Mississippi federal district court judgment was rendered one day and registered in the federal district court of Missouri on the next day. The statute of limitations in Mississippi was seven years while the statute of limitations in Missouri was ten years. No proceedings to enforce were instituted in Missouri for more than seven years. The court in Stanford found that the plaintiff had ten years under Missouri law to enforce the judgment, reasoning as follows:
We have concluded that § 1963 is more than “ministerial” and is more than a mere procedural device for the collection of the foreign judgment. We feel that the registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court. In other words, for the present fact situation and for enforcement purposes, the Missouri federal registration *392 equated with a new Missouri federal judgment on the original Mississippi federal judgment, that is it is no different than a judgment timely obtained by action in Missouri federal court on that Mississippi judgment. It follows from this that the Missouri ten year period of limitations ... and not the Mississippi seven year period applies so far as enforcement is concerned....
|inBased upon this reasoning, the court in Home Port found that once a money judgment of the rendering court is timely registered in another federal district court pursuant to 28 U.S.C. § 1963 at a time when enforcement of that judgment is not time-barred in either jurisdiction, the subsequent expiration of the rendering court’s statute of limitations has no effect whatever on enforcement of the judgment in the district of the registration court. After registration, time of enforcement is controlled solely by the statute of limitations of the state where the registration court is domiciled.
Although not binding on this court, we find federal authority on this issue to be instructive and, in this case, persuasive. Therefore, the procedure for enforcement of a foreign judgment under the EFJA results in a new Louisiana judgment just as it would if the procedure under La. C.C.P. art. 2541 were followed. As the court noted in Home Port, we cannot read the phrase in La. R.S. 13:4242, “the foreign judgment shall be treated in the same manner as a judgment of a court of this state,” to have any other meaning. Accordingly, in the present case, the time for seeking revival of the judgments is determined by the date the judgments were made executory in Louisiana, July 15, 1991. We find that the plaintiffs’ petitions of May 18, 2001, to revive the judgments, were timely. The trial court erred in granting the defendant’s exception of prescription.[5]
^COMPLIANCE UNDER LA. C.C. ART. 2541
The plaintiffs claim that in seeking to have the foreign judgments recognized in Louisiana in 1991, all of the procedures necessary to enforce the judgments under La. C.C.P. art. 2541 were also followed, and therefore the judgments became those of this state under that provision, as well. They argue that the record shows that the defendant was served and defaults were entered. The plaintiffs also contend that the trial court misconstrued the placement of punctuation in La. C.C.P. art. 2541. Because we find in favor of the plaintiffs on the grounds discussed above, we do not reach consideration of these issues.
CONCLUSION
For the reasons stated above, we reverse the trial court judgment in favor of the defendant, Larry Crowe. We hereby rule that the Mississippi judgments became judgments of this state when they were made executory by the Louisiana trial court on July 15, 1991. The prescriptive period for enforcement of the judgments began to toll from the date of entry of the Louisiana judgments. Accordingly, we find that the plaintiffs’ peri- *393 tions to revive the judgments against the defendant were timely. We reverse the trial court’s judgment to the contrary. We render judgment in favor of the plaintiffs, Canizaro Trigiani Architects PA, Godfrey & Bassett Architects, Ltd., and Burdine Materials, Inc., overruling the exception of prescription l^filed by the defendant, Larry Crowe. Costs in this court are assessed to the defendant, Larry Crowe.
REVERSED AND RENDERED.

. Canizaro Trigiani Architects PA obtained a judgment in Mississippi against the defendant on September 22, 1986. Godfrey & Bassett Architects, Ltd. and Burdine Materials, Inc. each obtained judgments against the defendant on May 2, 1988.

.The federal statute on this issue, 28 U.S.C. § 1963 provides:
A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.
The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments. [Emphasis supplied.]

. See Home Port Rentals, Inc. v. International Yachting Group, Inc., 95 F.Supp.2d 623 (W.D.La.4/27/00).

. Louisiana's law on prescription contained in La. C.C. art. 3501 was found to be applicable.

. We reject the defendant's argument that allowing the judgments to be reinscribed under the facts of this case would violate due process because the defendant was never served and did not make an appearance in Louisiana. When the Mississippi judgments were obtained against the defendant in that state, he was given notice and had an opportunity to appear and offer any defenses that he might have had against those claims. Another full trial in this state is not required to satisfy due process. See Joseph R. Keenan Co. v. White House Apartments-Donald S. Moffatt, 517 So.2d 1141 (La.App. 5th Cir.1987), writ denied, 520 So.2d 750 (La.1988).