996 So.2d 442 (2008)
Freddie Lee WISNER, Sr., Plaintiff-Appellant
v.
PDQ CONSTRUCTION COMPANY and City of Shreveport, Defendants-Appellees.
No. 43,543-WCA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
Freddie Lee Wisner, Sr., In Proper Person.
Law Offices of Ronald F. Lattier by: Ronald F. Lattier, Curtis R. Joseph, Jr., Shreveport, for Appellees.
Before BROWN, STEWART and GASKINS, JJ.
STEWART, J.
In this matter's second appearance before this court, claimant Freddie Lee Wisner, Sr. ("Wisner") is appealing a judgment from the Office of Workers' Compensation ("OWC"), which sustained the exception of prescription in favor of the City of Shreveport. For the reasons that follow, we affirm the judgment of the OWC.

FACTS
On May 31, 1995, Wisner filed a claim for compensation with the OWC against Isaac A. Norman d/b/a PDQ Construction, for injuries he contends he sustained on May 19, 1994. After a confirmation hearing was held on May 25, 1995, a judgment was rendered against PDQ Construction ("PDQ"), awarding Wisner temporary total disability benefits, medical expenses, penalties and attorney fees.
On June 6, 1995, PDQ filed a motion for a new trial and/or to annul judgment. PDQ's motion for a new trial was denied, while the motion to annul the judgment was granted. Wisner appealed the judgment, *443 bringing the matter before this court. This court found the hearing officer from the OWC erred in annulling the judgment rendered in Wisner's favor.[1] Subsequently, this court reversed the hearing officer's order annulling the judgment and reinstated the original judgment against PDQ. From that judgment, Wisner was awarded temporary total disability benefits in the amount of $16, 843.20, representing $319.00 weekly from the date of his disability beginning May 19, 1994 through May 25, 1995. Wisner states that the judgment was never satisfied.
On or about October 10, 2006, Wisner filed a disputed claim for compensation for the first time against the City of Shreveport, alleging entitlement to workers' compensation benefits for injuries to his arms, legs, feet, and back, which he contends he sustained while being employed by the City of Shreveport on or about May 19, 1994. In response to Wisner's disputed claim for compensation, the City of Shreveport asserted an exception of prescription, an exception of no cause and/or no right of action and a motion for summary judgment. On July 11, 2007, a hearing on the City of Shreveport's exceptions was held at the OWC. After hearing the testimony and reviewing the evidence presented, the Workers' Compensation Judge ("WCJ") granted the City of Shreveport's exception of prescription via oral ruling. Both the exception of no cause and/or no right of action and the motion for summary judgment were denied. The WCJ signed a judgment that same day.
Wisner appeals, requesting the enforcement of the judgment rendered on May 25, 1995. The City of Shreveport answered the appeal, urging that the matter has prescribed.

DISCUSSION
Wisner does not present specific assignments of error in his appeal. Rather, Wisner requests the enforcement of a judgment that was ordered by this court in his favor against PDQ, the City of Shreveport, and Red River Insurance of Caddo Parish on October 30, 1996. We must note that the judgment Wisner is referring to only names PDQ Construction as a defendant. Wisner made no claim against the City of Shreveport until October 10, 2006. Taking this into consideration, we will review the record to determine whether the WCJ properly granted the City of Shreveport's exception of prescription.
Pursuant to La. R.S. 23:1209(A), the City of Shreveport asserts that this matter has prescribed on its face. La. R.S. 23:1209(A) provides:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death, the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in subsection B of this section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), (4). Also when the injury does not result at the time of, or develop immediately *444 after the accident, the limitations shall not take effect until expiration of one year from the time the injury develops, and then but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
We must note that more than 12 years have elapsed between the date of the incident and Wisner's first filing against the City of Shreveport. Additionally, the City of Shreveport asserts that it did not employ Wisner in any capacity on May 19, 1994, the time in which the workplace injuries occurred. The City of Shreveport also denies ever providing any workers' compensation payments of any kind or nature to Wisner, or making any promises or representations that it would provide any workers' compensation benefits to or on behalf of Wisner for any alleged incident.
When a workers' compensation claim to recover benefits has prescribed on its face, the burden of proving that prescription has been interrupted in some manner is on the claimant. Gaddy v. Caddo Parish School Bd., 36,583 (La.App. 2 Cir. 12/11/02), 833 So.2d 1088. Here, the burden of proving interruption of prescription fell upon Wisner, who presented no evidence supporting his allegation of entitlement to workers' compensation benefits from the City of Shreveport. The WCJ noted that the judgment rendered by this court on October 30, 1996, did not name the City of Shreveport as a defendant. Further, the WCJ recognized that pursuant to La. R.S. 23:1209, Wisner had one year to file unless he had been paid benefits. After Wisner admitted to the WCJ that benefits had never been paid to him, the WCJ acknowledged that the lapse of 12 years was too long, prompting her to grant the exception of prescription. Based on the facts presented, we determine that the WCJ properly granted the exception of prescription.
Additionally, the City of Shreveport has moved for sanctions pursuant to La. C.C.P. art. 863(D) and La. C.C.P. art. 2164.
La. C.C.P. art. 863(D) states:
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
La. C.C.P. art. 2164 states:
The appellate court shall render any judgment which is just, legal and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
In the instant case, Wisner is a pro se litigant. Filing pro se offers a party neither an impenetrable shield or license to harass others, clog judicial machinery with meritless litigation, or abuse already overloaded court dockets. Bankston v. Alexandria Neurosurgical Clinic, 94,693 (La. App. 3rd Cir. 12/7/97), 659 So.2d 507, writ not considered, 95-0465 (La.4/7/95), 660 So.2d 436. Jurisprudence has established that sanctions imposed upon a pro se litigant are appropriate when such action has been justified by the facts presented. Harrison v. McNeese State University, 93-288 (La.App. 3 Cir. 3/23/94), 635 So.2d *445 318. After reviewing the record before us, we cannot find that Wisner's actions justify the imposition of sanctions. Therefore, the City of Shreveport's motion to impose sanctions upon Wisner is denied.

CONCLUSION
For the reasons stated, the judgment of the Office of Workers' Compensation sustaining the exception of prescription filed by the City of Shreveport is affirmed. Costs of this appeal are assessed to Wisner.
AFFIRMED.
NOTES
[1] Wisner v. PDQ Construction, Inc., et al, 9628678 (La.App. 2 Cir. 10/30/96), 681 So.2d 1315. (Table)